UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MATTHEW R. LINDNER, *et al.*,

        Plaintiffs,

v.

FORD MOTOR COMPANY, *et al.*,

        Defendants.

2:10-cv-00051-LDG-LRL

**O R D E R**

    Before the court is plaintiffs' Motion to Compel (#26). The court has considered the motion (#26), defendant Evenflo's Opposition (#30), and plaintiff's Reply (#31).

    This is a product liability action related to deaths and injuries resulting from a car accident. Plaintiffs seek recovery for negligence, breach of implied warranty, strict product liability, negligent failure to warn and inspect, misrepresentation, malice, fraud, oppression, wrongful death, negligent infliction of emotional distress, and loss of consortium. All of the defendants, with the exception of Evenflo, have either been dismissed or settled out of the lawsuit. The Complaint alleges, among other things, that an infant car seat manufactured by Evenflo was defective. While the Complaint alleges that the model of car seat involved was the "Discovery" model, it has since been established that the model involved in the accident was the Evenflo "Embrace" model car seat.

    On July 6, 2010, plaintiffs served Evenflo by mail with a Request for Production of Documents. Evenflo's counsel, Charles L. Clay, Jr., attests that he received the Requests some time in the second week of July, 2010. Believing the requests for information regarding the Discovery model car seat to be in error, Clay phoned plaintiffs' counsel, Joe Benson. Benson deferred to trial counsel, Larry W. Lawrence on the issue, so Clay phoned Lawrence. Lawrence explained that the requests related to the Discovery model seat were not in error. Clay alleges that during this conversation Lawrence based his

argument on the claim that the seats were virtually identical, which Clay refuted. *Id.* at ¶ 5. Clay suggested that Evenflo would be willing to treat the requests as having been directed to the Embrace seat and would produce documents responsive thereto. *Id.* He attests that the suggestion was made as a courtesy so the plaintiffs would not have to spend time and effort editing the already propounded requests. *Id.*

Clay represents that on some unspecified date, he requested and plaintiffs' counsel agreed that Evenflo could have an extension of time to provide responses to the requests. *Id.* at ¶ 6. Clay says he told plaintiffs' counsel he'd make every effort to produce responses by the parties' August 24, 2010 mediation. On August 21, 2010, Lawrence emailed Clay informing him that plaintiffs had not received Evenflo's discovery responses but thought the documents would be necessary for a fruitful mediation. Exh. A to Reply (#31). Shortly before the August 24, 2010 mediation, Clay informed plaintiff's counsel that there was a problem downloading the data, and defendants would need a brief extension of time to produce the documents and mail a disk to plaintiffs. Clay Aff. at ¶ 7. On August 27, 2010, Evenflo produced four disks containing thousands of documents and testing data related to the Embrace model car seat. *Id.* at ¶ 8. Formal, written responses followed on September 1, 2010. *Id.* Evenflo did not produce documents related to the Discovery model car seat. On September 5, 2010, Lawrence sent a letter to Clay and spoke with Clay on the telephone regarding production of documents related to the Discovery model car seat. Plaintiff filed the instant Motion to Compel (#26) on September 28, 2010. Discovery in this case closes on April 1, 2011. Scheduling Order (#29).

Plaintiff's motion (#26) must be denied. The motion is not supported by a memorandum of points and authorities. *See* LR 7-2(a). Moreover, it is unclear from the motion what, exactly, plaintiffs wish the court to compel. For example, plaintiffs do not clearly specify which objections to which categories of questions they wish the court to consider or overrule. It is not the role of the court to guess at what a party requests. *See* Rule 7(b)(1) (a motion must state with particularity the grounds for seeking the order; and state the relief sought).

In its Opposition (#30), Evenflo pointed out the insufficiency of plaintiffs' motion to compel,

specifically noting that plaintiffs failed to support the motion with discussion, explanation, or analysis. Opp'n (#30) at 3. Evenflo then provided specific legal argument against an order compelling it to produce information regarding a product model that is not the model at issue in the action. Although plaintiffs filed a reply, in which they attempt to illustrate the similarities between the Discovery and Embrace model car seats, they fail to provide legal grounds in support of compelling information about a product which was not involved in the underlying car accident or to refute Evenflo's legal arguments. Nor did they identify the specific requests that are the subject of the motion to compel. Instead, plaintiffs argue that all of the requested discovery must be produced, because Evenflo's responses were untimely. Clay attested, however, that the parties had a practice of informally allowing extensions and that he and Lawrence informally agreed to extend Evenflo's deadline to respond. Plaintiffs do not dispute this declaration, but only state that no formal order or stipulation was filed to extend the deadline. Reply (#31) at 2.

Accordingly,

IT IS ORDERED that plaintiffs' Motion to Compel (#26) is DENIED.

DATED this 5th day of January, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**