# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW R. LINDNER, *et al.*,

    Plaintiffs,

v.

FORD MOTOR COMPANY, *et al.*,

    Defendants.

Case No. 2:10-cv-00051-LDG (VCF)

**ORDER**

The plaintiffs (Matthew Lindner, individually, as surviving spouse and heir of Elsy Leticia Granados-Martinez, as surviving parent and legal heir of Camila Lynete Lindner, and as Guardian Ad Litem of Paulina Granados-Martinez) move for reconsideration (#65) of this Court's order (#62) granting summary judgment in favor of defendant Evenflo Company, Inc. Evenflo opposes the motion for reconsideration (#72) and has further moved to strike (#74) Lindner's reply to the extent that the reply raises new arguments and design defect theories. Lindner has filed a cursory, single page opposition to the motion to strike (#75).[1]

---

[1] The Court recognizes, in reviewing the document docketed at #75, that it includes the words "and Plaintiff's Motion for Sanctions" in the caption, and a three-page section under the heading "Sanctions Are Appropriate." Lindner, however, did not separately file the document as a motion for sanctions (see Electronic Filing Procedures

Motion To Strike

Evenflo moves to strike Lindner's reply to his motion for reconsideration "to the extent Plaintiff raises new argument and defect theories." The focal point of the motion is two photographs included in the reply, text related to the photographs, and related arguments in the body of the reply. If meritorious, the motion would require that the Court, in deciding Lindner's motion for reconsideration, disregard the photographs, the related text, and the related arguments asserted in the reply. Accordingly, the Court must first resolve the issue raised in the motion to strike before considering the merits of the motion for reconsideration.

Evenflo argues that the relevant material in the reply must be stricken because Lindner, in his reply, has improperly asserted for the first time in this litigation a new model child seat as the example of proper design for a release handle. Lindner submitted a photograph of an Orbit child seat at page 4, along with related text concerning the implementation of release levers on the seat. In addition, Lindner submitted a photograph presumably[2] of the child seat at issue in this litigation, along with related text concerning the release lever. Evenflo argues that the plaintiff has never relied upon the Orbit child seat in support of its design defect theory and raises the argument for the first time in the reply to the motion for reconsideration.

---

III.F.4, adopted by the District of Nevada pursuant to Special Order 109, requiring a separate document must be filed for each type of document or purpose). Accordingly, the Court has considered the paper only to the extent of the purpose for which Lindner docketed it; that is, as a response to Evenflo's motion to strike.

[2] Not only does the reply lack any authentication of either photograph, the reply fails to expressly identify the model of the child seat depicted in the photograph on page 3. The Court presumes that the photograph depicts the child seat at issue in this litigation. This presumption is based upon the overall context of the litigation and the similarity of the child seat depicted in the photograph to depictions of the child seat at issue in other photographs submitted to this court.

2

In opposition, Lindner asserts that "[t]his Court had the photos in Defendant's primary Motion to Dismiss brief." The assertion cannot be correct, as a review of the docket establishes that neither Evenflo nor any other named defendant in this action filed a motion to dismiss. Further, assuming that Lindner intended to direct the Court's attention to the papers filed in connection with Evenflo's motion for summary judgment, the Court could not locate either photograph in any submission by either Evenflo or Lindner in connection with its motion for summary judgment. Lindner does not direct the court to any document docketed with the court in which either photograph depicted in his reply was submitted to the court. Absent from Lindner's opposition is any reference indicating where he presented the Orbit model child seat at page 4 of his opposition (or any photograph of that child seat), or any arguments relying upon the Orbit child seat, to the Court either in opposing the original motion for summary judgment, or in moving for reconsideration. Also absent from Lindner's opposition is any reference indicating where he presented the photograph at page 3 of his opposition, and any arguments relying on, concerning or related to that photograph, to the Court either in opposing the original motion for summary judgment or in the motion for reconsideration. Also absent from Lindner's opposition is any indication suggesting that the photographs and related arguments were properly raised for the first time in rebuttal to an argument raised by Evenflo in opposing the motion for reconsideration.

The Court would note that the bulk of Lindner's opposition argues that Evenflo's motion to strike is a disguised sur-reply, in which Evenflo improperly raises arguments that should have been raised in Evenflo's opposition. The Court would note, however, that the issue raised by the motion to strike is that the reply contains arguments raised for the first time. In support of that argument, Evenflo has directed the Court's attention to the theories previously raised by Lindner in order to establish that the reply contains a new theory. The

Court has considered Evenflo's arguments, in its motion to strike, solely for the purpose of resolving whether the reply improperly raises a new theory and argument.

Having reviewed the docket, and particularly the motion for summary judgment, along with the papers and evidence submitted in relation to that motion, and the motion for reconsideration, along with the papers and evidence submitted in relation to that motion and Evenflo's opposition, the Court finds that Lindner's reply raises new theories and relies upon evidence not previously submitted to the Court. Lindner has not offered any suggestion that the photographs submitted with his reply, or the related text or arguments, constitute "new discovered evidence" that could not have been discovered in time for submission either in opposition to the motion for summary judgment in or moving for reconsideration. Accordingly, the Court will grant Evenflo's motion to strike as follows: The Court will not consider, in determining Lindner's motion for reconsideration, (a) the photographs depicted on pages 3 and 4 of his reply, (b) the text on pages 3 and 4 of the reply related to the photographs, and (c) any arguments within the remaining text of the reply that relate to or arise from the photographs and text on pages 3 and 4 of the reply.

Motion for Reconsideration

As recognized by Lindner, a motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. See *id.*; *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

4

In moving for reconsideration, Lindner relies solely on arguing that the court committed clear error in granting summary judgment or that the decision is otherwise manifestly unjust.  Lindner does not suggest that he has obtained newly discovered evidence that, with reasonable diligence, he could not have discovered in time to oppose the motion for summary judgment.  Neither does Lindner suggest that an intervening change in controlling law has occurred.  As Lindner further recognizes in his statement of the law (but ignores in the body of his motion), the Court will not consider evidence presented or arguments raised for the first time, when such arguments could have been presented in opposing the underlying motion for summary judgment.  To be clear, in resolving Lindner's motion for reconsideration, the Court has considered only those arguments that concern the evidence previously submitted and arguments previously raised in the motion for summary judgment.

Evenflo moved for summary judgment on the basis that Lindner had the burden of establishing a design defect and whether that defect caused the injury.  Evenflo further asserted that the complexity and nature of these issues was beyond the common experience, such that a lay juror would lack the necessary knowledge and experience to render a just and proper decision in the absence of expert testimony.  Lindner did not argue, in opposing the motion, that he could meet his burden as to either of these elements without relying on an expert opinion.  Evenflo argued that Lindner could not proffer an admissible expert opinion on these issues. Evenflo established that Lindner had designated Hoffman as the expert on these issues.  Evenflo further established that Hoffman's proposed expert opinion[3] was that the release handle was vulnerable to inadvertent release by striking (or being struck by) the front seat, and that the release

---

[3] In identifying Hoffman's proposed expert opinion, the Court expressly declined to rely upon Lindner's characterization of that opinion, but instead relied upon Hoffman's own and various statements as to what ultimately (rather than initially) constituted his expert opinion.

handle was inadvertently released as the result of striking (or being struck by) the front seat. Evenflo asserted this expert opinion was inadmissible, as Hoffman admitted facts revealing the opinion was based on an untested assumption. The Court agreed, stating:

> material to Lindner's claims against Evenflo are (a) whether the design of the release handle rendered it vulnerable to release by striking (or being struck by) the front seat and (b) whether the release handle was released because it struck (or was struck by) the front seat. The complexity and nature of this material issue is beyond the common experience, and a lay juror would lack the necessary knowledge and experience to render a just and proper decision in the absence of expert testimony. Hoffman's opinion testimony on these material issues is inadmissible, as it rests on nothing more than his assumption that the release handle hit the front seat, and that assumption rested on (a) a photograph interpreted as evidence that something hit the front seat, and (b) empirical evidence that child seats hit the front seats during crash and sled testing. Hoffman offered nothing to support his assumption that the release handle hit the front seat.

In moving for reconsideration, Lindner does not direct the Court's attention to any evidence suggesting the Court erred in this conclusion as it concerns Hoffman's proffered expert opinion.

Lindner does argue, in moving for reconsideration, that the Court did not give consideration to the opinion of his biomechanic expert, John Smith. To the contrary, though Lindner had not designated Smith as the expert relative to design defect and the defect causing injury, the Court gave careful consideration to the submitted portions of Smith's deposition testimony and expert reports, as well as those of Stevens. As stated by the Court in its order granting summary judgment:

> While each identified possible mechanisms by which the handle could have been released, neither performed any testing nor did any other work with the child restraint that would form the basis of admissible expert opinion that the child restraint system was defectively designed due to a vulnerability to unintended unlatching during the dynamics of a rollover as the result of the release handle being released due to being struck or hit by something other than the front seat.

Lindner does not direct the Court's attention to any evidence submitted in connection with the motion for summary judgment, or in the record at the time the Court considered the motion for summary judgment, suggesting that the Court erred in this determination.

Therefore,

THE COURT **ORDERS** that Defendant's Motion to Strike (#74) is GRANTED, and has been implemented, as stated above, in that the Court has not considered new arguments and evidence first raised in Plaintiff's reply to the motion for reconsideration

THE COURT FURTHER **ORDERS** that Plaintiff's Motion for Reconsideration (#65) is DENIED.

DATED this 17 day of August, 2012.

_____
Lloyd D. George
United States District Judge

7