

1  JOSEPH L. BENSON II, ESQ.
   Nevada Bar No. 7276
2  BENSON & BINGHAM
   11441 Allerton Park Drive, Suite 100
3  Las Vegas, NV 89135
4  (702) 382-9797, telephone
   (702) 382-9798, facsimile
5  litigate@bensonbingham.com

6  LARRY W. LAWRENCE, ESQ.
   Texas Bar No. 794145
7  LAWRENCE LAW FIRM
8  3112 Windsor Rd., Suite A234
   Austin, TX 78703
9  (956) 994-0057, telephone
   (956) 994-0741, facsimile
10 lawrencefirm@aol.com

11
   RICARDO A. GARCIA, ESQ.
12 Texas Bar No. 7643200
   JODY R. MASK, ESQ.
13 Texas Bar No. 24010214
   GARCIA OCHOA MASK
14 820 S. Main Street
   McAllen, TX 78501
15 (956) 630-2882, telephone
16 (956) 630-2882, facsimile
   ric@gomlaw.com
17 jody@gomlaw.com

18 Attorneys for Plaintiffs

19
20                    UNITED STATES DISTRICT COURT
21                         DISTRICT OF NEVADA

22 MATTHEW R. LINDNER, individually; as         ) CASE NO.: 2:10-cv-00051-LDG-VCF
   surviving spouse and legal heir of ELSY LETICIA )
23 GRANADOS-MARTINEZ, deceased; as              )
   surviving parent and legal heir of CAMILA    ) PLAINTIFFS' OMNIBUS MOTION IN
24 LYNETE LINDNER, a deceased minor; and as     ) LIMINE
   Guardian Ad Litem of PAULINA GRANADOS-       )
25 MARTINEZ, a minor; FERNANDO                  )
26 GRANADOS-MAGALLON, individually and as       )
   surviving spouse and legal heir of REFUGIO   )
27 LETICIA MARTINEZ COSIO,                      )
                                                )
28         Plaintiffs,                          )

200329



vs.

FORD MOTOR COMPANY, a Delaware corporation; BERTHA MEZA d/b/a OROZCO AUTO SALES; EVENFLO COMPANY, INC., a Delaware corporation; BIG LOTS STORES, INC., an Ohio corporation; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive,

Defendants.

## PLAINTIFFS' OMNIBUS MOTION IN LIMINE

TO THE HONORABLE JUDGE LLOYD GEORGE:

COMES NOW PLAINTIFFS, prior to announcing ready and before any proceedings were had before a jury, and moves the Court for an Order in Limine, restricting opposing counsel, opposing parties and witnesses called on behalf of opposing parties from the mention of certain matters, and for the same would show unto the Court as follows:

I.

The matters described in Paragraph III below are not admissible in evidence for any purpose and have no bearing on the issues or rights of the parties in this case.

II.

Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would irreparably prejudice the jury, and sustaining objections to such questions, statements or evidence will not prevent prejudice, but will reinforce the development of questionable evidence.

200329

Authority

A trial court may simplify issues for trial and determine whether to admit or exclude evidence. *Uniroyal Goodrich Tire Co. v. Mercer*, 111 Nev. 318, 320-21, 890 P.2d 785, 787 (1995). The discretion, however, must be based on guiding legal principles. *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 993, 860 P.2d 720, 722-723 (1993).

To be admissible at trial, the evidence must be relevant. NRS 48.025(2). The evidence is relevant when it has tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable that it would be without the evidence. NRS 48.015.

Even if the evidence is relevant, the court must weigh its probative value against its potential prejudicial effect prior to admitting it. See *Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 123 (1998). More specifically, although relevant, the evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury. NRS 48.035(1). Additionally, relevant evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, waste of time or needless presentation of cumulative evidence. NRS 48.035(2). The determination of whether the evidence is relevant and, by implication, whether it is admissible, lies within the sound discretion of the trial judge. See *Woods v. State*, 101 Nev. 128, 134, 696 P.2d 464, 470 (1985).

III.

The matters or information made the subject of this Motion are as follows:

(1) A. <u>THIRD PARTY CONDUCT/NEGLIGENCE OF PLAINTIFF</u>

NRS 41.141(5)(a) specifically excludes a trial court from allowing the trier of fact to assign comparative fault in a case based on strict liability.

Negligent Driving of a vehicle is a forseeable risk against which a manufacturer is required to take precautions. *Id. citing Ford Motor Co. v. Hill*, 404 So.2d 1049, 1052 (Fla. 1981).

That Defendant not be allowed to offer evidence or attempt to illicit testimony from any witness or make any reference in front of the jury that the Plaintiff's damages were caused by any conduct of the Plaintiff or any third party.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(1) B. <u>COMPARATIVE NEGLIGENCE</u>

Defendant should not be allowed to reference that all or part of the damages to Plaintiff were proximately caused by alleged acts or omissions of the Plaintiff and that the Plaintiff was Comparative negligent because defendant has not designated experts on this issue nor is it a relevant issue.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(2)   <u>SERVICES RENDERED WITHOUT CHARGE</u>

The Plaintiff and/or his family has received, is entitled to receive, will receive, or may become entitled to receive medical or other services rendered without charge due to injuries that are the subject of this or any other action to which either Plaintiff is or has been a party.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(3)   <u>EX PARTE STATEMENTS AND HEARSAY/FAILURE TO CALL WITNESSES</u>

During the course of any given trial, the Court always retains its authority to exclude "relevant evidence" on grounds of prejudice, confusion or waste of time under NRS 48.035. The Court is compelled to act as the gate keeper when it comes to evidence that is more prejudicial than probative.

> *NRS 48.035(2) states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.*

The evidence Plaintiff anticipates Defendant will attempt to introduce will serve only to confuse the issues, mislead the jury, and create unfair prejudice by wasting time, and needlessly presenting prejudicial evidence.

The failure of Plaintiff to call any witness not available to or under the control of Plaintiff, or who are equally available to all parties, and/or who are outside of the range of the subpoena power of the Court; and not to tender, refer to, read from, offer or mention any ex parte statements or reports from any witnesses who is not then and there present in Court to testify and be subject to examination by Plaintiff's counsel.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

Specific documents for which the Plaintiff seeks a ruling at this time include:

1. The "reports" of the Defendants' expert witnesses;
2. Any documents for which an exception to the hearsay rule has not been established through affidavit or live testimony; and
3. Any statements, written or oral, from the Plaintiff; subsequent medical providers which were obtained without the consent or authorization of the Plaintiff, as such communications with the Plaintiff; medical providers would violate the physician/patient privilege and the confidentiality provisions of the Texas Medical Practices Act.

(4)   TAX CONSEQUENCES

Any evidence relating to the fact that a recovery by Plaintiffs would or would not be subject to taxation, or that Plaintiffs' income would or would not be subject to taxation, should be precluded. Such evidence is irrelevant pursuant to NRS 48.035 because it does not have any probative value. Further, it is pure speculation and assumption that a jury may or may not assess an

amount for taxation when determining a verdict in this case. It is well-settled law that a verdict may not be based on speculation. *Gramanz v. T-Shirts & Souvenirs*, 111 Nev. 478, 485 894 P.2d 342, 347 (1995) (citing *Advent Systems Ltd. v. Unisys Corp.*, 925 F.2d 670, 682 (3d Cir. 1991)).

Other jurisdictions specifically state that taxation is inadmissible, including Nevada's sister jurisdiction, California. *See Henninger v. S. Pac. Co.*, 250 Cal. App. 2d 872, 59 Cal. Rptr. 76 (1967); *Hinzman v. Palmanteer*, 501 P.2d 1228 (Wash. 1972). The courts considering this issue have reached their decisions on a variety of grounds. Courts so ruling have considered income tax liability or savings as (1) a matter not pertinent to the damage issue as it is a matter between the plaintiff and the taxing authority and of no legal concern to the defendant; (2) that the amount of income tax which might become due on one's prospective earnings in future years is too conjectural to be considered in fixing damages; and (3) that to introduce an income tax matter into a lawsuit for damages would be unduly complicating and confusing. *Hinzman v. Palmanteer*, 81 Wn.2d 327, 333-34 (Wash. 1972) (citing *Henninger*, 250 Cal. App. 2d 872, 59 Cal. Rptr. 76; *Hall v. Chicago & N.W. Ry.*, 5 Ill. 2d 135, 125 N.E.2d 77 (1955)).

The concerns in the cases outside Nevada are legitimate and relevant in the instant case as well. Taxes are of no concern to Defendants here or the damages in this case, and referring the jury to the issue of taxes invites speculation and assumption. Therefore, reference to taxation should be excluded as irrelevant to the damages in this case and because the high chance of prejudice substantially outweighs the remote probative value of taxation, if any.

That any recovery by Plaintiff in this action may or may not be subject to federal income or any other tax. This seeks to preclude any attempt to offer evidence or make argument showing that damages recovered by the movant are exempt from income taxation.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

6

(5) <u>UNDISCLOSED WITNESSES AND LATE DESIGNATED WITNESSES</u>

That Defendant refrains from calling any witnesses, factual or expert, whose identity and substance of testimony has not been timely disclosed to counsel for Plaintiff in response to discovery directed at the same, including disclosures. Further, that Defendant and all witnesses involved in this lawsuit not mention or state to the jury the probable testimony of any witness, expert or factual, who is not permitted to testify as a result of the failure to disclose such witness. Finally, that Defendant not be permitted to offer testimony regarding matters on which documents have not been produced to Plaintiff. This would include any documents relied upon by the Defendants' experts which were not produced to the Plaintiff in response to interrogatories calling for the identification of treatises, books and articles, requests for production of documents relied upon by experts, filed with the court, or produced at any deposition. (See FRCP 26. a (3) (b)

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(6) <u>UNAUTHENTICATED/UNPRODUCED DOCUMENTS OR EVIDENCE</u>

That Defendant not be allowed to offer into evidence any other document of any kind which has not been properly authenticated by certified copies or other means or disclosed in properly propounded requests for production, interrogatories, or produced at a deposition in this case.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(7) <u>REFERENCING AUDIO-VISUAL MATERIAL</u>

More prejudicial than probative.

During the course of any given trial, the Court always retains its authority to exclude "relevant evidence" on grounds of prejudice, confusion or waste of time under NRS 48.035. The

Court is compelled to act as the gate keeper when it comes to evidence that is more prejudicial than probative.

> *NRS 48.035(2) states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.*

The evidence Plaintiff anticipates Defendant will attempt to introduce will serve only to confuse the issues, mislead the jury, and create unfair prejudice by wasting time, and needlessly presenting prejudicial evidence.

That Defendant not be allowed to offer into evidence or suggest the existence of any photographs, motion pictures, or video tapes or recordings unless they have previously been produced to the Plaintiff and tendered to the Court and opposing counsel outside the presence of the jury and shown or exhibited to determine their relevance or suitability for introduction into evidence. (See FRCP 16.1)

SUSTAINED _____  OVERRULED _____

MODIFIED _____

(8)  **TRIAL TACTICS**

During the course of any given trial, the Court always retains its authority to exclude "relevant evidence" on grounds of prejudice, confusion or waste of time under NRS 48.035. The Court is compelled to act as the gate keeper when it comes to evidence that is more prejudicial than probative.

> *NRS 48.035(2) states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.*

The evidence Plaintiff anticipates Defendant will attempt to introduce will serve only to confuse the issues, mislead the jury, and create unfair prejudice by wasting time, and needlessly presenting prejudicial evidence.

That Defendant's counsel not be allowed to ask for documents or request a stipulation from Plaintiff's counsel in front of the jury; and further that Defendant's counsel be ordered to refrain from making any statements, questions, or reference that includes or constitutes side bar comments. This further includes reference to side bar comments of Defendant's counsel during depositions taken in this matter.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(9)   LEGAL CONCLUSIONS

That Defendant not be allowed to offer evidence or attempt to illicit testimony from any witness that requires or suggests that each witness is required to draw any legal conclusions, such as whether or not an act or omission constitutes negligence, gross negligence, reckless disregard or any other legal conclusion, which the witness is not qualified to answer, for which a proper predicate has not been laid, or for which Defendant did not timely disclose such expert testimony of negligence/legal conclusion to Plaintiff in response to interrogatories, requests for production, or some other form of discovery.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(10) <u>FILING OF THIS MOTION IN LIMINE</u>

The fact that the parties filed any pre-trial motions, any ruling made by the court regarding the motions, or the content thereof, should be excluded as irrelevant and unfairly prejudicial. *Texas Employers Ins. Ass'n v. Phillips,* 255 S.W.2d 364 (1963); NRS 48.035(2). The entire purpose of filing motions before trial is to determine questions of law and evidence that are inadmissible to the jury. Mentioning such motions defeats the purpose of filing them. Therefore, such reference should be excluded at trial.

That Plaintiff filed this Motion in Limine or sought rulings by the Court in response to this Motion. Such references are inherently prejudicial in that they suggest or infer that Plaintiff has sought to exclude proof of matters damaging to the Plaintiff's case.

SUSTAINED _____  OVERRULED _____

MODIFIED _____

(11) <u>SETTLEMENT NEGOTIATIONS OR AGREEMENTS</u>

All offers or negotiations regarding settlement of Plaintiffs' claim are precluded. NRS 48.105 states that "evidence of . . . accepting or offering or promising to accept; a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible. . . . Evidence of conduct or statements made in compromise negotiations is likewise not admissible." Therefore, all such reference, evidence, or argument regarding settlement negotiations should be excluded.

That Plaintiff has made, considered or promised to accept, or will make, consider or accept, any offer to compromise or settle the claims involved in this action against the Defendants originally named in this case or any other prior or potential Defendant herein; or any reference to the fact that settlement discussions have not taken place; or the statements or conduct of any parties in connection with such settlement discussions. Information concerning settlement offers or

acceptances, or the conduct or statements of parties during settlement negotiations or discussions, or irrelevant to proving the validity or invalidity of any claim in this action.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(12)  NEW AND INDEPENDENT CAUSE AND/OR PRE-EXISTING CONDITION

Any evidence or reference to any prior or subsequent unrelated accidents, injuries, or conditions must be excluded unless (a) Plaintiff was suffering from that condition at the time of the injury at issue here, or was (b) a latent pre-existing condition that was made symptomatic by the injury. It is well-settled law that causation of injury and damages must be established by medical expert testimony to a reasonable degree of medical probability. *Morsicato v. Sav-On Drug Stores, Inc.*, 121 Nev. 153, 157, 111 P.3d 1112 (2005); *Williams v. Eighth Jud. Dist. Ct.*, 127 Nev. Adv. Rep. 45, 262 P.3d 360, 362-63 (2011). The Nevada Supreme Court issued explicit, binding case law that "in order for evidence of a prior injury or preexisting conditions to be admissible, a defendant must present by competent evidence a causal connection between the prior injury and the injury at issue." *FGA, Inc., et al v. Giglio*, 278 P.3d 490, 128 Nev., Adv. Op. 26, p. 14 (June 14, 2012). "Moreover, unless it is readily apparent to a layperson, *a defendant seeking to introduce evidence of a prior injury generally must produce expert testimony demonstrating the relationship between the prior injury and the injury complained of and why it is relevant to a fact of consequence.*" *Id.* (emphasis added).

Based on these multiple Nevada Supreme Court opinions, it is clear that a plaintiff's unrelated accidents and injuries are only admissible if a medical expert testifies to a reasonable degree of medical probability that they are causally related to the injuries the plaintiff sustained in the subject incident.

Defendant should not be allowed to reference any alleged new and independent cause and/or pre-existing condition because Defendant has not designated experts on this issue.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(13) <u>DEFENDANT'S DEFENSES NOT PLED</u>

That the Defendant and/or their attorneys be prohibited from arguing or presenting evidence to support any defenses and/or alternative cause for Plaintiff's injuries/death that was not properly pled in Defendants' pleadings.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(14) <u>TRIAL REQUESTS</u>

Any request or demand for items in Plaintiff's file, including research, pleadings, photographs, notes and/or other documents.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

(15) <u>DISCOVERY ISSUES</u>

Any reference to any discovery disputes, tactics, objections filed during discovery, assertions of legal privileges or rulings.

SUSTAINED _____ OVERRULED _____

MODIFIED _____

. . . .

. . . .

. . . .

. . . .



(16) **LAWYER'S COMMENTS IN DEPOSITION**

Any lawyer comment in deposition transcripts that is not in the context of a question and answer, particularly any comment by attorneys admitted to witnesses by another attorney in the motion of a side-bar remark, objection, or discussion among counsel.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(17) **EVIDENCE**

That Defendant not question witnesses regarding documents or materials which have not previously been identified, marked, offered and admitted into evidence.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(18) **EXPERT OPINIONS**

Any attempt to elicit criticisms, expert opinions from the Defendant's expert witnesses of the Plaintiff that are not contained in the depositions of the Defendants' expert witnesses, Defendant's expert reports, Defendant's responses to Plaintiff's discovery requests, which were not timely supplemented through some other means of production, or produced or filed with the court.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(19) **DISCOVERY**

Any reference to discovery or how discovery was conducted in this case.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(20)   EMPLOYMENT OF COUNSEL

The time or circumstances under which the Plaintiff employed her attorneys.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(21)   INTEREST

Plaintiff's right to recover prejudgment and post judgment interest.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(22)   GOLDEN RULE

"As a general proposition appellate courts declare error when, during summation, trial counsel has urged the jurors to place themselves in the position of one of the litigants, or to allow such recovery as they would wish if in the same position. Annot., 70 A.L.R.2d 935. Jurors should consider cases objectively." *Boyd v. Pernicano*, 385 P.2d 342, 343 (1963).

Any argument or statement of defense counsel that the jury should put themselves into the place of the Defendant when considering this case as this would violate the rule precluding such comment; the Golden Rule Argument.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

(23)   RESIDENCY AND/OR CITIZENSHIP

That Plaintiff or any of his family are not U.S. citizens or in the United States legally.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

. . . .

. . . .

(24) ADVICE TO THE JURY

Any comment that constitutes advice to the jury on the effect of its answers to the questions posed in the submission, regardless of whether such advice is a direct or indirect comment, reference, suggestion, or argument. Excluding that advice will protect the jury from exposure to potentially confusing or prejudicial argument.

SUSTAINED _____  OVERRULED _____

MODIFIED _____

(25) FRIVOLOUS LAWSUITS/LITIGATION CRISIS

Any suggestion that: (1) plaintiff has filed a "frivolous" lawsuit; (2) Defendants are in the midst of a "litigation crisis;" (3) plaintiff has demanded money prior to trial or (4) any similar mention of any fact related to the filing of this or any similar lawsuit that tends to create prejudice or appeal to "lawsuit abuse" phobia or any similar improper sentiment.

SUSTAINED _____  OVERRULED _____

MODIFIED _____

(26) EXPERT & ATTORNEY WORK PRODUCT & COMMUNICATIONS PROTECTED

Any comment, mention, or reference to any communications between Plaintiff's counsel and any retained expert in this case. These communications are now considered privileged (December 1, 2010) and therefore, not relevant to any issue in this case, under the newly amended 26(b)(4). Rule 26(b)(4)(B) now provides that draft expert reports are protected from discovery, and Rule 26(b)(4)(C) confers work-product protection on communications between attorneys and retained experts except to the extent that the communications: (a) relate to compensation for the expert's study or testimony; (b) identify facts or data that the party's attorney provided to the expert and that the expert considered in forming the opinions to be expressed; or (c) identify assumptions that the party's attorney provided to the expert and that the expert relied on in forming the opinions to be



expressed.

Defendants are planning to use protected communications obtained from Mr. Hoffman, Plaintiff's car seat expert, and Larry Lawrence, Plaintiff's counsel. Such information consists of emails from Mr. Lawrence to Mr. Hoffman on various strategies. Such information, under the old rule (pre-2010) was discoverable. Plaintiff argues any emails be stricken from any mention as the new rules do not allow disturbance of the expert attorney work product. Plaintiff therefore asks this Court to bar such mention, use, and/or admission of such communications as they violate Rule 26.

SUSTAINED _____   OVERRULED _____

MODIFIED _____

DATED this 22nd day of June, 2015.

BENSON & BINGHAM

/s/ Joseph L. Benson II
JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **PLAINTIFFS' OMNIBUS MOTION IN LIMINE** was made this date by electronic service to the following:

Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
　GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Attorney for Defendant,
Evenflo Company, Inc.

Charles L. Clay, Jr., Esq.
CHUCK CLAY & ASSOCIATES
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30303
Attorney for Defendant,
Evenflo Company, Inc.

Dan H. Ball, Esq.
Richard P. Cassetta, Esq.
BRYAN CAVE
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Attorney for Defendant,
Evenflo Company, Inc.

Larry W. Lawrence, Jr., Esq.
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A-234
Austin, TX 78703
Attorney for Plaintiffs

Ricardo A. Garcia, Esq.
Jody R. Mask, Esq.
GARCIA OCHOA MASK
820 S. Main Street
McAllen, TX 78501
Attorney for Plaintiffs

DATED this 22 day of June, 2015.

_____
An employee of BENSON & BINGHAM