

JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276
BENSON & BINGHAM
11441 Allerton Park Drive, Suite 100
Las Vegas, NV 89135
(702) 382-9797, telephone
(702) 382-9798, facsimile
litigate@bensonbingham.com

LARRY W. LAWRENCE, ESQ.
Texas Bar No. 794145
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, TX 78703
(956) 994-0057, telephone
(956) 994-0741, facsimile
lawrencefirm@aol.com

RICARDO A. GARCIA, ESQ.
Texas Bar No. 7643200
JODY R. MASK, ESQ.
Texas Bar No. 24010214
GARCIA OCHOA MASK
820 S. Main Street
McAllen, TX 78501
(956) 630-2882, telephone
(956) 630-2882, facsimile
ric@gomlaw.com
jody@gomlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW R. LINDNER, individually; as surviving spouse and legal heir of ELSY LETICIA GRANADOS-MARTINEZ, deceased; as surviving parent and legal heir of CAMILA LYNETE LINDNER, a deceased minor; and as Guardian Ad Litem of PAULINA GRANADOS-MARTINEZ, a minor; FERNANDO GRANADOS-MAGALLON, individually and as surviving spouse and legal heir of REFUGIO LETICIA MARTINEZ COSIO,<br><br>Plaintiffs, | CASE NO.: 2:10-cv-00051-LDG-VCF |

1

|   |   |
|---|---|
| vs. | ) |
| | ) |
| FORD MOTOR COMPANY, a Delaware corporation; BERTHA MEZA d/b/a OROZCO AUTO SALES; EVENFLO COMPANY, INC., a Delaware corporation; BIG LOTS STORES, INC., an Ohio corporation; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT EVENFLO COMPANY, INC.'s MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S FAILURE TO PERFORM A ROLLOVER TEST [Motion No. 14]**

Plaintiff MATTEW R. LINDNER, Individually and as surviving spouse and legal heir of ELSY LETICIA GRANADOS-MARTINEZ, deceased; and as surviving parent and legal heir of CAMILA LYNETTE LINDNER, a deceased minor, through his attorneys, Joseph L. Benson, II of BENSON & BINGHAM, Larry W. Lawrence, Jr. of THE LAWRENCE LAW FIRM, and Ricardo A. Garcia of GARCIA, OCHOA MASK, LLP, hereby submits his Opposition to EVENFLO MOTOR COMPANY, INC.'s Motion in Limine to Exclude Evidence of Defendant's Failure to Perform a Rollover Test [Motion No. 14]. This opposition is made and based upon the Memorandum of Points and Authorities that follow below, the papers and pleadings on file herein, and any oral argument entertained by the Court.

DATED this 26th day of June, 2015.

BENSON & BINGHAM

/s/ Joseph L. Benson II
JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

Plaintiffs do not offer Evenflo's failure to evaluate the seat's performance in rollover in support of a stand-alone "failure to test" cause of action. Evenflo's argument is little more than a Straw Man. As will be shown at trial, some of the incidents about which Evenflo had notice occurred prior to the sale of the particular seat put Evenflo on notice of failures of the seats in rollover accidents. Evenflo's failure to test the seats prior to the sale of the seat in question shows both how the design and warnings defects were introduced into this product and that Evenflo took no reasonable action to investigate the cause of seat failures and redesign, recall or adequately warn consumers that its seats might fail in foreseeable rollover accidents. Apart from a "duty to test," in its opinion in *White*, the Ninth Circuit assumed Nevada law recognized a manufacturer's post-sale duty to warn consumers when it learns of defective products. *Id.*, 312 F.3d at 1019.

Evenflo wishes to hide behind its compliance with FMVSS standards to preclude any evidence that Evenflo never attempted to test its infant car seats in rollover accidents. Implicitly, Evenflo's argument is that it had no duty to take any steps to design and market its products that were not required by the Federal Motor Vehicle Safety Standards. However, FMVSS standards are nothing more than "minimum standards" and do not conclusively establish that a product was not defective. *See Durham v. County of Maui*, 696 F. Supp. 2d 1150, 1152 (D. Haw. 2010); *O'Hara v. GMC*, 508 F.3d 753, 761 (5th Cir. 2007). In fact, the Safety Act itself, under which FMVSS 213 and the other safety testing standards are promulgated specifically belies Evenflo's argument that doing the bare minimum required by the Safety Act insulates Evenflo from liability under Nevada Common Law. The Act provides: "Compliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law." 49 U.S.C. § 30103(e).

The dispute in this case is not Evenflo's regulatory compliance, but rather, whether the seat was unreasonably dangerous and defective as designed and marketed applying the "consumer expectations test" applicable under Nevada common law. That is a matter for the jury to determine. And while compliance with federal crash testing standards might be relevant evidence, it is not conclusive. Also relevant would be the failure to test the seats to determine how they would perform in a rollover so that Evenflo could design them to be reasonably safe under the consumer expectations test or adequately warn consumers about the dangers.

These same issues were discussed over several opinions from the Justices of the Montana Supreme Court in *Malcolm v. Evenflo Co.*, 217 P.3d 514 (Mont. 2009). In *Malcolm*, the court reversed an award of punitive damages not because there was insufficient evidence to support them. Rather, the court's opinion details the various ways in which Evenflo failed to conduct side-impact testing and rollover testing after receiving notice of product failures in similar products in these types of accidents. Rather, the court reversed the award of punitive damages because the trial court abused its discretion by prohibiting Evenflo from introducing evidence of the car seat's compliance with FMVSS 213's frontal crash test standard for the purposes of considering the appropriateness of punitive damages. *Id.* at 532.

In a separate opinion, concurring in part and dissenting in part, Justice Nelson explained the significance of Evenflo's history of doing the bare minimum in its testing and design process, and the relevance of this evidence to a products liability trial that includes a claim for punitive damages:

> Evenflo's conduct surrounding the testing and recall of the model 206 constituted relevant evidence regarding Evenflo's state of mind with respect to its sale of the model 207. [citations omitted] Evenflo's state of mind represented a key element in determining whether Evenflo had acted with actual fraud or actual malice. [] The District Court acted within its discretion when it determined that evidence surrounding the recall and testing of the OMW model 206 was relevant for the purposes of determining punitive damages.

*Id.* at 526. Particularly relevant to this particular Motion in Limine, Justice Nelson specifically explained the relevance of Evenflo's failure to conduct rollover testing of its car seats:

> Indeed, while it purportedly was complying in "good faith" with FMVSS 213, Evenflo knew the following: that mere compliance with the minimum requirements of the standard "is not enough," particularly where a danger exists beyond the minimum that the standard was designed to meet; that NHTSA wanted Evenflo's child restraints to "perform above the minimum requirements"; that FMVSS 213 addressed only frontal collisions; that the OMW seat's open belt hook design had failed in a number of rear-impact, side-impact, and rollover accidents; and that Evenflo, therefore, needed to go beyond the minimum requirements of FMVSS 213 in its design of the OMW seat. Evenflo also knew how to test its safety seats in rollover crash scenarios, but Evenflo never chose to conduct rollover tests on the OMW seats. Rather, Evenflo was content to do only the bare minimum; and it only did that much because it could not have sold the OMW seat otherwise.

*Id.*

## II.

These issues are all in dispute in this case as well. The jury should be allowed to hear evidence that Evenflo has made conscious decisions to not conduct adequate testing of its seats, relying on its regulatory compliance with minimal safety standards, even after receiving notices from other consumers that Evenflo's products were failing in real-world accidents.

## III.

Plaintiffs will lay an appropriate predicate for the admissibility of Evenflo's failure to test during trial. Evenflo's Motion in Limine 14 should be denied.

DATED this 26th day of June, 2015.

BENSON & BINGHAM

/s/ Joseph L. Benson II
JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **PLAINTIFF'S OPPOSITION TO EVENFLO MOTOR COMPANY, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S FAILURE TO PERFORM A ROLLOVER TEST [MOTION NO. 14]** was made this date by electronic service to the following:

Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Attorney for Defendant,
Evenflo Company, Inc.

Charles L. Clay, Jr., Esq.
CHUCK CLAY & ASSOCIATES
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30303
Attorney for Defendant,
Evenflo Company, Inc.

Dan H. Ball, Esq.
Richard P. Cassetta, Esq.
BRYAN CAVE
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Attorney for Defendant,
Evenflo Company, Inc.

Larry W. Lawrence, Jr., Esq.
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A-234
Austin, TX 78703
Attorney for Plaintiffs

Ricardo A. Garcia, Esq.
Jody R. Mask, Esq.
GARCIA OCHOA MASK
820 S. Main Street
McAllen, TX 78501
Attorney for Plaintiffs

DATED this 26 day of June, 2015.

_____
An employee of BENSON & BINGHAM