1  JOSEPH L. BENSON II, ESQ.
2  Nevada Bar No. 7276
   BENSON & BINGHAM
3  11441 Allerton Park Drive, Suite 100
   Las Vegas, NV 89135
4  (702) 382-9797, telephone
   (702) 382-9798, facsimile
5  litigate@bensonbingham.com

6  LARRY W. LAWRENCE, ESQ.
7  Texas Bar No. 794145
   LAWRENCE LAW FIRM
8  3112 Windsor Rd., Suite A234
   Austin, TX 78703
9  (956) 994-0057, telephone
   (956) 994-0741, facsimile
10 lawrencefirm@aol.com

11 RICARDO A. GARCIA, ESQ.
12 Texas Bar No. 7643200
   JODY R. MASK, ESQ.
13 Texas Bar No. 24010214
   GARCIA OCHOA MASK
14 820 S. Main Street
   McAllen, TX 78501
15 (956) 630-2882, telephone
16 (956) 630-2882, facsimile
   ric@gomlaw.com
17 jody@gomlaw.com

18 Attorneys for Plaintiffs
19



20          UNITED STATES DISTRICT COURT

21             DISTRICT OF NEVADA

22 MATTHEW R. LINDNER, individually; as  )  CASE NO.: 2:10-cv-00051-LDG-VCF
   surviving spouse and legal heir of ELSY LETICIA  )
23 GRANADOS-MARTINEZ, deceased; as  )
   surviving parent and legal heir of CAMILA  )
24 LYNETE LINDNER, a deceased minor; and as  )
   Guardian Ad Litem of PAULINA GRANADOS-  )
25 MARTINEZ, a minor; FERNANDO  )
   GRANADOS-MAGALLON, individually and as  )
26 surviving spouse and legal heir of REFUGIO  )
27 LETICIA MARTINEZ COSIO,  )
                                             )
28          Plaintiffs,  )

1   vs.

2

3   FORD   MOTOR   COMPANY,   a   Delaware
    corporation;   BERTHA   MEZA   d/b/a   OROZCO
4   AUTO SALES; EVENFLO COMPANY, INC., a
    Delaware corporation; BIG LOTS STORES, INC.,
5   an Ohio corporation; DOES I through XX,
    inclusive   and   ROE   BUSINESS   ENTITIES   I
6   through XX, inclusive,

7                   Defendants.

8

9   **PLAINTIFF'S OPPOSITION TO DEFENDANT EVENFLO COMPANY, INC.'s MOTION
    IN LIMINE TO EXCLUDE ATTORNEY COURTROOM DEMONSTRATIONS
10  ("PARLOR TRICKS") [Motion No. 13]**

11          Plaintiff MATTEW R. LINDNER, Individually and as surviving spouse and legal heir of

12  ELSY LETICIA GRANADOS-MARTINEZ, deceased; and as surviving parent and legal heir of

13  CAMILA LYNETTE LINDNER, a deceased minor, through his attorneys, Joseph L. Benson, II of

14  BENSON & BINGHAM, Larry W. Lawrence, Jr. of THE LAWRENCE LAW FIRM, and Ricardo A. Garcia

15  of GARCIA, OCHOA   MASK, LLP, hereby submits his Opposition to EVENFLO MOTOR

16  COMPANY, INC.'s Motion in Limine to Exclude Attorney Courtroom Demonstrations ("Parlor

17

18  Tricks") [Motion No. 13].  This opposition is made and based upon the Memorandum of Points and

19  Authorities that follow below, the papers and pleadings on file herein, and any oral argument

20  entertained by the Court.

21          DATED this ____ day of June, 2015.

22

23                                      BENSON & BINGHAM

24                                       /s/ Joseph L. Benson II         .
                                        JOSEPH L. BENSON II, ESQ.
25                                      Nevada Bar No. 7276

26                                      Attorneys for Plaintiffs

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

So called "parlor tricks" are visual demonstrations that depend on circumstances that cannot be shown to have been possible in real world situations. It is a term borrowed from the National Highway Traffic Safety Administration to describe testing that does not simulate real world conditions possible in actual accidents. *See e.g. GMC v. Porritt,* 891 So. 2d 1056, 1058, (Fla. App. 2004). Plaintiffs are not offering any "parlor tricks." Rather, every demonstration that Plaintiffs' witnesses perform for the jury will be under circumstances that can easily be demonstrated to fall within the realm of possible forces occurring in a real world rollover accident.

As with the evidence of other similar incidents, a ruling on evidence of courtroom demonstrations would be premature at the *in limine* stage. Such evidence certainly is admissible when the demonstration can be shown to be similar to the facts at issue, such that the jury will not be misled by the demonstration. Evenflo cites the Nevada Supreme Court's opinion in *Way v. Hayes,* 89 Nev. 375, 513 P.2d 1222 (1973), which upheld a trial court's discretion in excluding a courtroom demonstration that was substantially dissimilar from the facts at issue. However, the Nevada Supreme Court has since distinguished *Way* in its opinion in *McCourt v. J. C. Penney Co.,* 103 Nev. 101, 103, 734 P.2d 696, 698 (Nev. 1987), holding it was an abuse of discretion to *exclude* courtroom demonstrations were they could be shown to be similar to the case in controversy. The *McCourt* court wrote: "where the facts are sharply disputed and the matter is tried to the jury, and there is a proper foundation shown, the court should allow the evidence."

All of the courtroom demonstrations Plaintiffs intend to offer can easily be shown to be similar to the circumstances that would be reasonable and possible in a rollover accident like the one at issue and that the jury could reasonably infer *did* occur in this incident as the Ninth Circuit has already explained in its opinion reversing a prior summary judgment in this case. Any minor

1   differences can be explored during cross-examination and explained to the jury to avoid any

2   nominal possibility of confusion.

3                                        II.

4       Evenflo's motion in limine should be denied as a pretrial matter.  Plaintiffs will prove an

5   adequate foundation for admissibility similar incidents and customer reports during trial.

6       DATED this 26th day of June, 2015.

7

8                                    BENSON & BINGHAM

9                                     /s/ Joseph L. Benson II            .
                                    JOSEPH L. BENSON II, ESQ.
10                                   Nevada Bar No. 7276

11                                   Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **PLAINTIFF'S OPPOSITION TO EVENFLO MOTOR COMPANY, INC.'S MOTION IN LIMINE TO EXCLUDE ATTORNEY COURTROOM DEMONSTRATIONS ("PARLOR TRICKS") [MOTION NO. 13]** was made this date by electronic service to the following:

Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Attorney for Defendant,
Evenflo Company, Inc.

Charles L. Clay, Jr., Esq.
CHUCK CLAY & ASSOCIATES
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30303
Attorney for Defendant,
Evenflo Company, Inc.

Dan H. Ball, Esq.
Richard P. Cassetta, Esq.
BRYAN CAVE
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Attorney for Defendant,
Evenflo Company, Inc.

Larry W. Lawrence, Jr., Esq.
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A-234
Austin, TX 78703
Attorney for Plaintiffs

Ricardo A. Garcia, Esq.
Jody R. Mask, Esq.
GARCIA OCHOA MASK
820 S. Main Street
McAllen, TX 78501
Attorney for Plaintiffs

DATED this _26_ day of June, 2015.

An employee of BENSON & BINGHAM