

JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276
BENSON & BINGHAM
11441 Allerton Park Drive, Suite 100
Las Vegas, NV 89135
(702) 382-9797, telephone
(702) 382-9798, facsimile
litigate@bensonbingham.com

LARRY W. LAWRENCE, ESQ.
Texas Bar No. 794145
LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, TX 78703
(956) 994-0057, telephone
(956) 994-0741, facsimile
lawrencefirm@aol.com

RICARDO A. GARCIA, ESQ.
Texas Bar No. 7643200
JODY R. MASK, ESQ.
Texas Bar No. 24010214
GARCIA OCHOA MASK
820 S. Main Street
McAllen, TX 78501
(956) 630-2882, telephone
(956) 630-2882, facsimile
ric@gomlaw.com
jody@gomlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW R. LINDNER, individually; as surviving spouse and legal heir of ELSY LETICIA GRANADOS-MARTINEZ, deceased; as surviving parent and legal heir of CAMILA LYNETE LINDNER, a deceased minor; and as Guardian Ad Litem of PAULINA GRANADOS-MARTINEZ, a minor; FERNANDO GRANADOS-MAGALLON, individually and as surviving spouse and legal heir of REFUGIO LETICIA MARTINEZ COSIO,<br><br>Plaintiffs, | CASE NO.: 2:10-cv-00051-LDG-VCF |

200329

|   |   |
|---|---|
| vs. | ) |
| | ) |
| FORD MOTOR COMPANY, a Delaware corporation; BERTHA MEZA d/b/a OROZCO AUTO SALES; EVENFLO COMPANY, INC., a Delaware corporation; BIG LOTS STORES, INC., an Ohio corporation; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT EVENFLO COMPANY, INC.'s MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EXPERTS STEVENS AND SMITH ON CAUSATION OF DETACHMENT [Motion No. 6]

Plaintiff MATTEW R. LINDNER, Individually and as surviving spouse and legal heir of ELSY LETICIA GRANADOS-MARTINEZ, deceased; and as surviving parent and legal heir of CAMILA LYNETTE LINDNER, a deceased minor, through his attorneys, Joseph L. Benson, II of BENSON & BINGHAM, Larry W. Lawrence, Jr. of THE LAWRENCE LAW FIRM, and Ricardo A. Garcia of GARCIA, OCHOA MASK, LLP, hereby submits his Opposition to EVENFLO MOTOR COMPANY, INC.'s Motion in Limine to Exclude Testimony of Experts Stevens and Smith on Causation of Detachment [Motion No. 6]. This opposition is made and based upon the Memorandum of Points and Authorities that follow below, the papers and pleadings on file herein, and any oral argument entertained by the Court.

DATED this 26 day of June, 2015.

BENSON & BINGHAM

/s/ Joseph L. Benson II
JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276

Attorneys for Plaintiffs

200329

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

Defendant's Motion in Limine here attempts to limit Experts John Smith, P.E., (biomechanical expert) and Don Stevens (Accident Reconstruction Expert) from postulating what, in fact, may have come in contact with the release lever through their own investigation and case analysis. First, Plaintiffs correct the standard applied in the motion that Nevada experts need only opine in a reasonable probability, not the certainty standard (*see* p. 17, line 6 Defendant's opposition.) Nevada applies the "reasonable degree of ….probability" standard set forth in *Morsicato v. Sav-On Drug Stores, Inc.*, 121 Nev. 153, 155, 111 P.3d 1112, 1114 (2005). Nevada's experts need only have the same expert opinions for the "more probable, than not standard," which coincides to our burden of proof: preponderance of the evidence.

## II.

Second, Plaintiffs concede that neither expert can say with any scientific basis what, in fact, did hit the lever; however, it would be manifestly unjust to limit what the experts may say is in the range of possibilities as it is not speculative as to what items were found in the backseat, especially Mr. John Smith, P.E. who has already stated that the items that could have done such damage are finite. Plaintiff is confident Mr. Stevens will not be offering any testimony on potential flying items in the vehicle cabin as his duties were to reconstruct the accident and the motions of the vehicle including the number of vehicle rolls. Nonetheless, Plaintiff argues that the defense suggestion that experts are "speculating" is wrong. Instead they are offering a finite range of possibilities to help the assistor of fact conclude. This appears to be a re-hash of the Ninth circuit appeal on this Court's Motion for Summary Judgment that subjected this case to an evaluation of Mr. Hoffman's (Plaintiff's car seat expert) on his passenger seat-back theory, which opined the seat back being slightly declined could have hit the release lever, or as Mr. Smith suggests a diaper bag, or any

flying object could have activated a release of the carrier hooks from the base. What hit the release lever is not important, and Plaintiffs experts will not testify they know what hit it, but likely defer to Dr. Hoffman on this issue. The ninth circuit Court of Appeals addressed this: Hoffman acknowledged the car seat could be the cause of the impact with the lever, but did not have empirical evidence to prove it. The Court of Appeals reversed this Court's decision on the basis that Dr. Hoffman's causation theory was grounded in evidence to support his theory. And, it is prejudicial to apply that same reasoning to Smith's biomechanical analysis as his opinions deal with the direction of forces to bodies and objects within the vehicle.

## III.

It is important to note that both Stevens and Smith have deferred car seat mal-function opinions to the assigned expert, Mr. Hoffman, as to what caused the failure although it is undisputed that the car seat carrier was detached from its base by virtue of the rollover event, and something had to hit the release lever given the loading marks on the carrier hooks, and the fact they did not break. Defendant's motion in limine is entitled "cause of detachment." Limiting opinions on the "Cause of detachment" is a general and vague attempt to silence Plaintiffs experts on what could have hit the release lever. The jury is entitled to know what may have caused the release lever to actuate; those options include: 1.) Centrifugal actuation -on its own by virtue of the 2006 Evenflo corporate decision to lessen the tension on the tension spring release lever, and/or by virtue of the rollover forces upon said tension spring and lever, or 2.) by virtue of the front passenger seat back, and 3.) by virtue of a flying object. John Smith, PE should be allowed to

. . . .

. . . .

. . . .

testify as to #3) what could have caused the actuation by virtue of what was studied within the vehicle and such testimony is not speculative. Thus, Defendant's motion should be denied.

DATED this 26th day of June, 2015.

BENSON & BINGHAM

/s/ Joseph L. Benson II
JOSEPH L. BENSON II, ESQ.
Nevada Bar No. 7276

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **PLAINTIFF'S OPPOSITION TO EVENFLO MOTOR COMPANY, INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF EXPERTS STEVENS AND SMITH ON CAUSATION OF DETACHMENT [MOTION NO. 6]** was made this date by electronic service to the following:

Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
　　GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Attorney for Defendant,
Evenflo Company, Inc.

Charles L. Clay, Jr., Esq.
CHUCK CLAY & ASSOCIATES
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30303
Attorney for Defendant,
Evenflo Company, Inc.

Dan H. Ball, Esq.
Richard P. Cassetta, Esq.
BRYAN CAVE
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Attorney for Defendant,
Evenflo Company, Inc.

Larry W. Lawrence, Jr., Esq.
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A-234
Austin, TX 78703
Attorney for Plaintiffs

Ricardo A. Garcia, Esq.
Jody R. Mask, Esq.
GARCIA OCHOA MASK
820 S. Main Street
McAllen, TX 78501
Attorney for Plaintiffs

DATED this 26 day of June, 2015.

_/s/ Amy L. Sulak_
An employee of BENSON & BINGHAM