1  JOSEPH L. BENSON II, ESQ.
   Nevada Bar No. 7276
2  BENSON & BINGHAM
   11441 Allerton Park Drive, Suite 100
3  Las Vegas, NV 89135
   (702) 382-9797, telephone
4  (702) 382-9798, facsimile
5  litigate@bensonbingham.com

6  LARRY W. LAWRENCE, ESQ.
   Texas Bar No. 794145
7  LAWRENCE LAW FIRM
   3112 Windsor Rd., Suite A234
8  Austin, TX  78703
9  (956) 994-0057, telephone
   (956) 994-0741, facsimile
10 lawrencefirm@aol.com

11 RICARDO A. GARCIA, ESQ.
   Texas Bar No. 7643200
12 JODY R. MASK, ESQ.
   Texas Bar No. 24010214
13 GARCIA OCHOA MASK
   820 S. Main Street
14 McAllen, TX 78501
15 (956) 630-2882, telephone
   (956) 630-2882, facsimile
16 ric@gomlaw.com
17 jody@gomlaw.com

18 Attorneys for Plaintiffs

19

20              UNITED STATES DISTRICT COURT

21                 DISTRICT OF NEVADA

22 MATTHEW   R.   LINDNER,   individually;   as   )   CASE NO.: 2:10-cv-00051-LDG-VCF
   surviving spouse and legal heir of ELSY LETICIA   )
23 GRANADOS-MARTINEZ,        deceased;        as   )
   surviving  parent  and  legal  heir  of  CAMILA   )   PLAINTIFFS' REPLY IN SUPPORT
24 LYNETE LINDNER, a deceased minor; and as   )   OF MOTION IN LIMINE 1
   Guardian Ad Litem of PAULINA GRANADOS-   )
25 MARTINEZ,      a      minor;      FERNANDO   )
   GRANADOS-MAGALLON, individually and as   )
26 surviving  spouse  and  legal  heir  of  REFUGIO   )
27 LETICIA MARTINEZ COSIO,                        )
                                                  )
28              Plaintiffs,                        )



200329                                            1



1  vs.                                                   )
2                                                        )
                                                         )
3  FORD   MOTOR   COMPANY,   a   Delaware               )
   corporation; BERTHA MEZA d/b/a OROZCO                )
4  AUTO SALES; EVENFLO COMPANY, INC., a                )
   Delaware corporation; BIG LOTS STORES, INC.,         )
5  an   Ohio   corporation;   DOES   I   through   XX,   )
   inclusive   and   ROE   BUSINESS   ENTITIES   I       )
6  through XX, inclusive,                                )
7                                                        )
                Defendants.                              )
8  _____              )
9          **PLAINTIFFS' REPLY IN SUPPORT OF MOTION IN LIMINE 1**
10         Plaintiffs, MATTHEW R. LINDNER, individually; as surviving spouse and legal heir of
11  ELSY  LETICIA  GRANADOS-MARTINEZ,  deceased;  as  surviving  parent  and  legal  heir  of
12  CAMILA LYNETE LINDNER, a deceased minor; and as Guardian Ad Litem of PAULINA
13  GRANADOS-MARTINEZ, a minor, by and through his attorneys, BENSON & BINGHAM, hereby
14  submit their Reply in support of his Motion in Limine 1.
15
16         This Reply is based upon the following Points and Authorities, the pleadings and papers on
17  file herein and any oral argument permitted at the time of hearing.
18         DATED this ___ day of July, 2015.
19                                     BENSON & BINGHAM
20                                      /s/ Joseph L. Benson II            .
21                                     JOSEPH L. BENSON II, ESQ.
                                       Nevada Bar No. 7276
22
23                                     Attorneys for Plaintiffs
24
25
26
27
28

200329                                    2

## POINTS AND AUTHORITIES

1. **Nevada Common Law Precludes Comparative Negligence; Seatbelt Use Statute Further Precludes Nonuse of a Seatbelt; And NO Jury Could Ever Find Negligent Driving Was the "Sole Cause" of Camila Lindner's Death.**

   Nevada law is quite clear that comparative negligence/contributory fault by a plaintiff or third party is simply not a valid legal defense to a strict product liability claim. *See Young's Machine Co. v. Long*, 692 P.2d 24 (Nev. 1984). Rather, the only defenses to a strict product liability claim under Nevada common law are "assumption of the risk" and product "misuse." *Id.* Evenflo intends to present evidence placing blame on the driver of the vehicle, Fernando Ivan Granados-Martinez, for causing the rollover accident in which the Evenflo infant seat failed allowing the ejection and death of Camila Linder. Evenflo also intends to present evidence and argument placing fault and blame on Camila's mother, Elsie Lindner, for allegedly not wearing a seatbelt as a backseat passenger and encourage to jury to consider her failure to wear a seatbelt as the "proximate cause" of Camila's death. Neither of these defenses is legally tenable under Nevada law – violating both the common law and statutes.

   First, with regard to the fault of the driver for causing the accident, Nevada simply recognizes no such defense in strict liability case, and such comparative causation theories are not permitted by Nevada's comparative fault statute. As the Nevada Supreme Court explained in *Young's*:

   > [W]e had recognized that the only defenses available in a strict products liability action were assumption of the risk and misuse of the product; ordinary contributory negligence was not to be considered. . . [W]e limit the statute to its clear language. We assume the legislature was aware of the above cases and agreed with us that strict products liability is based upon an entirely different concept from negligence. Therefore, the legislature must not have intended to include strict products liability within the comparative negligence statute.

   *Id.* at 25.

Second, the question here is the ejection and ensuing death of Camila during the rollover accident. There is no evidence that Camila would have died as a result of the accident alone had the infant seat in which she was restrained not detached from the base and been ejected during the accident. Put another way, there is no evidence and there will be no evidence that the accident would have caused the death of Camila Lindner in the absence of a product defect. Thus, Evenflo's attempts to blame the driver of the vehicle for Camila's death would not be supported by the facts or evidence in this case.

There is no permissible purpose for which Evenflo could introduce evidence of the driver's negligence. Comparative fault is not a defense to a strict products liability claim and even if it were, there will be no evidence that the rollover accident itself could have caused the death of Elsie Linder.

Evenflo's intent to blame Elsie Lindner for not wearing her seatbelt is even more problematic. Not only would such a defense contravene Nevada common law and the Nevada comparative fault statute, but it would also violate Nevada's seatbelt "gag" statute. N.R.S. 484D.495. Under the seatbelt statute, failure to use a seatbelt in violation of the statute "may not be considered as negligence or causation in any civil action. N.R.S. 484D.495(4)(b). Yet, in Evenflo's response in opposition to the motion in limine, it specifically argues that it intends to introduce Elsie's seatbelt nonuse on the issue of causation – a matter expressly forbidden by seatbelt "gag" statute.

Evenflo tries to get around the prohibition of comparative fault by arguing that these acts are somehow the sole cause of the death of Camila Lindner. However, as explained above, there is no version of the facts to which *any* witness will testify in this trial that Camila's death would have occurred in this rollover accident even if the infant seat had not detached from its base, allowing her to be ejected from the vehicle during the accident. No witness can or will support Evenflo's

1  argument that the driver's negligence could be the "sole cause" of Camila's death.   The only

2  purpose, therefore, for introducing such evidence is to improperly interject the driver's fault into the

3  trial in hopes of unfairly prejudicing the jury in its consideration of whether the seat was defective

4  and caused Camila's death.

5          Likewise, Elsie Lindner's alleged failure to wear a seatbelt would also never be the sole

6  cause of the death of Camila Lindner.  *Camila Lindner only died because the seat detached from its*

7  *base and allowed her to be ejected.*  If the jury finds the seat detached because it was defective, then

8  it is irrelevant that Elsie Lindner was negligent by not wearing a seatbelt.  If the jury finds the seat

9  is not defective, then Elsie Lindner's alleged negligence is still irrelevant (since Evenflo would not

10  be liable in that instance).   Thus, the cases cited in Evenflo's opposition are inapposite, since they

11  involved legitimate arguments that conduct of someone other than the defendant was *solely* the

12  cause of the injuries in question.

13          Moreover, in *Thompson v. Autoliv Safety Tech.*, No.: 2:09-cv-1375-JAD-PAL, 2013 U.S.

14  Dist. LEXIS 164365 (D. Nev. Nov. 19, 2013), the claim at issue concerned defects in an

15  automobile's seatbelt restraint system itself.  It is axiomatic that a person's failure to have even used

16  the seatbelt is a legitimate defense to a claim that the seatbelt system was inadequate because it

17  directly negates causation.   After all, if the person was not even using the seatbelt, there is no

18  logical way a deficiency in the restraint system could be the cause in fact of their injury.   Thus, *in*

19  *that case,* the issue of seatbelt use was "central . . . as a result of both parties' claims, defenses and

20  theories." *Id.*  It is not central to the claims in this case like it was in *Thompson*.   The product at

21  issue here is not the vehicle's system restraining Elsie Lindner, but rather the infant car seat

22  restraining Camila.   Indeed, the cause of Elsie Lindner's death is not before the jury for its

23  consideration.

1    If the Court permits Evenflo to present evidence, if any, that Elsie Linder's body moved into

2  and loaded the infant seat during the rollover sequence, there is no further need for the jury to hear

3  about or consider Elsie's alleged failure to wear a seatbelt.  Should the Court allow such evidence

4  over Plaintiff's objection, the jury should be instructed to only consider it for the limited purpose of

5  determining whether the Camila Lindner's death was proximately caused by a defect in the Evenflo

6  infant seat.

7

8    It would be highly improper to interject the question of Elsie Lindner's alleged negligence,

9  either directly or by implication, into this product liability action.  The rationale underlying

10  Nevada's strict product liability cause of action is understood by the Nevada Supreme Court to be

11  broadly construed to protected injured parties.  Indeed, in refusing to allow evidence of comparative

12  fault in strict liability cases, the Nevada Supreme Court likened the cause of action to claims for

13  "willful and wanton misconduct" and found the rationale for rejecting comparative fault "equally

14  appropriate" in strict product liability actions.  *Young's*, 692 P.2d at 25.

15

16                                   **<u>CONCLUSION</u>**

17    Based upon the foregoing, it is respectfully requested that this Court enter an order

18  approving item 1 in Plaintiffs' Omnibus Motion in Limine, and for all other relief requested.

19    DATED this ____ day of July, 2015.

20                                   BENSON & BINGHAM

21

22                                    /s/ Joseph L. Benson II         .
                                     JOSEPH L. BENSON II, ESQ.
23                                   Nevada Bar No. 7276

24                                   Attorneys for Plaintiffs

25

26

27

28

                                        6

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE 1** was made this date by electronic service to the following:

Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
    GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Attorney for Defendant,
Evenflo Company, Inc.

Charles L. Clay, Jr., Esq.
CHUCK CLAY & ASSOCIATES
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA 30303
Attorney for Defendant,
Evenflo Company, Inc.

Dan H. Ball, Esq.
Richard P. Cassetta, Esq.
BRYAN CAVE
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Attorney for Defendant,
Evenflo Company, Inc.

Larry W. Lawrence, Jr., Esq.
LAWRENCE LAW FIRM
3112 Windsor Road, Suite A-234
Austin, TX 78703
Attorney for Plaintiffs

Ricardo A. Garcia, Esq.
Jody R. Mask, Esq.
GARCIA OCHOA MASK
820 S. Main Street
McAllen, TX 78501
Attorney for Plaintiffs

DATED this ⎵ day of July, 2015.

An employee of BENSON & BINGHAM