# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW R. LINDNER, *et al.*,

    Plaintiffs,

v.

FORD MOTOR COMPANY, *et al.*,

    Defendants.

Case No. 2:10-cv-00051-LDG (VCF)

**ORDER**

    The plaintiffs filed an omnibus motion in limine (#119), listing 26 separate matters on which they sought a ruling. This Court held a hearing on the motion on July 7, 2015. At that hearing, the plaintiffs withdrew matters ## 16, 23, 24, and 26. The defendant also indicated during that, with the exception of matter #1, it did not object to the Court granting the plaintiffs' requested ruling as to the remaining items, provided that the ruling applied equally to both parties. As such, the only remaining matter on which the parties seek resolution is matter #1, in which the plaintiffs broadly sought to preclude the defendant from offering evidence or eliciting testimony that the plaintiffs' damages were caused by the conduct of the plaintiff or any third party, or that the plaintiffs' damages were proximately caused by the acts or omissions of the plaintiff and that the plaintiff was comparatively negligent.

While the plaintiffs' initial motion did not specifically identify any potential evidence or argument that the plaintiffs' sought to exclude, the defendant's opposing brief and the plaintiffs' reply, as well as the arguments of the parties, have brought a sharper focus to the ruling requested by plaintiffs.  This lawsuit arises from a single-car rollover accident.  Prior to the accident, Camila Lindner was seated in a two-piece car seat, consisting of a base and an infant carrier, manufactured by the defendant. The plaintiffs allege the car seat was defectively designed because the carrier's release handle was vulnerable to unintended unlatching during a rollover accident. They further allege that, during the rollover accident at issue, the infant carrier portion of the seat detached from the base when the carrier's unprotected release handle contacted the front seat.

As indicated by the defendant, it intends to argue that the proximate cause of the carrier separating from its base was Elsy Lindner colliding with the car seat during the rollover.  In connection with this argument, the defendant intends to argue (and offer evidence) showing that Elsy was not wearing a seatbelt.  The defendant has also indicated it intends to present evidence that the actions of Fernando Granados-Martinez, the driver of the vehicle, was the proximate cause of the accident.

The Court will deny plaintiffs' motion as it concerns whether Elsy Lindner was wearing a seatbelt at the time of the accident.  The plaintiffs argue that evidence that Elsy was not wearing a seatbelt is contrary to NRS 484B.653, which provides that the violation of the statute requiring an individual to wear a seltbelt may not be considered as negligence or as causation in any civil action.  The argument fails because the defendants have not argued that the proximate cause of the carrier detaching from its base was that Elsy was not wearing her seltbelt.  Rather, they have argued that the proximate cause of the carrier's detachment was that Elsy collided with the carrier.  Evidence that Elsy was not wearing a seltbelt is relevant to determining whether Elsy collided with the carrier and whether that collision caused the carrier to detach from the base.

To the extent that plaintiffs argue that there is no evidence to support the defendant's theory, the argument does not warrant a pre-trial ruling in the context of a motion in limine. Such an argument is more appropriately raised in a motion for summary judgment or partial summary judgment, in which the parties can offer evidence in support of their respective positions. As the plaintiffs have raised their argument in the context of a motion for limine, the Court accepts the defendant's representations that they have evidence in support of their theory and will deny the motion.

A pre-trial ruling concerning the conduct of Fernando in driving the vehicle presents a closer question. The defendant has been careful to argue that Fernando's conduct proximately caused the accident. Assuming that the driver's conduct proximately caused the accident, such assumption does not lead to the conclusion that the driver's conduct proximately caused Camila's death.

However, the defendant has also argued that the carrier's detachment from the base was the result of the dynamics of the rollover that culminated in Elsy's collision with the carrier. While the parties dispute the specific dynamics of the rollover accident, and its relevance to the carrier's detachment, the evidence concerning those dynamics would be relevant and admissible in support of defendant's theory. The issue, however, is whether evidence of the driver's conduct is relevant to resolving factual issues regarding the dynamics of the rollover. For example, it may be that the speed of the vehicle at the time of the accident is relevant to determinations regarding the dynamics of this rollover accident. It would appear to the Court, at this time, that evidence regarding the speed of the vehicle at the time of the accident reflects the conduct of the driver. That is, evidence that the vehicle was traveling at a certain speed would suggest the driver was causing the vehicle to travel at that speed. As such, a ruling precluding any evidence of the speed of the vehicle (because it is evidence of the conduct of the driver) would be overly broad.

By contrast, however, it does not appear that evidence that the vehicle was rolling during the accident requires the admission of evidence regarding the conduct of the driver. The cause of the accident, whether driver error or mechanical failure, is not necessarily relevant to determining the dynamics involved after the cause has occurred. At this time, the Court will partially grant the plaintiffs' motion to preclude the defendant from offering evidence, or arguing, that the conduct of the driver was the proximate cause of either the accident or Camila's death. To be certain, this ruling does not preclude defendant from arguing, or offering evidence, relevant to the dynamics and forces involved in the rollover, even if such evidence necessarily reflects the conduct of the driver. However, the defendant is precluded from offering evidence, or arguing, that attributes such dynamics or forces to the conduct of the driver. Further, as the context of the plaintiffs' motion is not specific to any evidence, this ruling is without prejudice to either party requesting reconsideration in the context of specific evidence.

Therefore,

THE COURT **ORDERS** that Plaintiffs' Omnibus Motion in Limine (#119) is GRANTED in part and DENIED in part as follows: The motion is DENIED as moot with respect to matters ## 16, 23, 24, and 26; The motion is GRANTED in part, without prejudice, as to matter #1 to the extent that the Defendant is precluded from offering evidence, or arguing, that the driver's conduct was the proximate cause of the accident or Camila Lindner's death and is otherwise DENIED as to matter #1; The motion is GRANTED as to each of the remaining matters, with each such ruling applying equally to both parties.

DATED this ___30___ day of September, 2015.

_____
Lloyd D. George
United States District Judge