1 | Rosemary Missian, Esq.
Nevada Bar No. 8877
W<small>EINBERG</small>, W<small>HEELER</small>, H<small>UDGINS</small>,
    G<small>UNN AND</small> D<small>IAL</small>, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
Telephone:     (702) 938-3838
Facsimile:     (702) 938-3864
rmissisian@wwhgd.com

Charles Lloyd Clay, Jr., Esq.
*Admitted Pro Hac Vice*
Chuck Clay & Associates
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA  30303
Telephone:     (404) 949-8118
chuck@chuckclay.com

Dan H. Ball, Esq.
*Admitted Pro Hac Vice*
Richard P. Cassetta, Esq.
*Admitted Pro Hac Vice*
Bryan Cave
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:     314 259-2823
Richard.cassetta@bryancave.com
dhball@bryancave.com
*Attorneys for Defendant*
E<small>VENFLO</small> C<small>OMPANY</small>, I<small>NC</small>.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW R. LINDNER, et al.,<br><br>                Plaintiffs,<br><br>   vs.<br><br>FORD MOTOR COMPANY,  et al.,<br><br>                Defendants. | Case No. :     2-10-CV-0051-LDG-LRL<br><br>**DEFENDANT EVENFLO COMPANY, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO EXHIBIT 505 [DOC. 176]** |

## MEMORANDUM OF POINTS AND AUTHORITIES

In connection with its objection to certain demonstrative exhibits and other exhibits listed on Evenflo's Final Trial Exhibit List filed on September 30, 2015 [Doc. No. 158], Plaintiff incorrectly characterizes the exhibits as an attempt by Evenflo to offer undisclosed expert opinions and has filed a motion to exclude use of the exhibits by Evenflo at trial. [See Plaintiff's Objections to Defendant's Trial Exhibits and Motion to Exclude Undisclosed Additional Expert Opinions, Doc. Nos. 175-185 ("Plaintiff's Objection")]. For the reasons set forth below, Plaintiff's motion must be denied. The motion also is premature in multiple respects.

Plaintiff's Objection [Doc. No. 175] was original improperly filed as it contained multiple separate arguments in one document. Plaintiff thereafter corrected his error by refiling the same motion with separate headings. Defendant has responded to all arguments in one motion – Defendant Evenflo Company, Inc.'s Memorandum in Opposition to Plaintiff's Objection to Exhibits and Motion to Exclude Undisclosed Expert Opinions [Doc. No. 189]. Defendant further breaks its arguments into separate arguments related only to a specific exhibit for ease of the Court in working through the documents and to set forth a clear docket.

**Defendant's Response to Plaintiff's Objection to Evenflo Exhibit 505 ("The Seat Buck")**

Evenflo listed on its exhibit list an exemplar "seat buck," which it intends to use for demonstrative purposes with the jury. [Doc. No. 158]. The buck has actual 1998 Ford Explorer seats and seat belt configurations, and actual floor carpeting from a 1998 Explorer. The buck was constructed by one of Evenflo's expert witnesses, William Van Arsdell, who has a Ph.D. in engineering from the Massachusetts Institute of Technology, to represent the geometry of the front and back seats of an actual 1998 Ford Explorer. These types of bucks are used frequently for demonstrative purposes in product liability cases involving automotive accidents. Contrary to Plaintiff's assertions, the purpose of the buck is not to advance any new expert opinions, but rather

to help illustrate for the jury the issues in the case regarding Evenflo's previously disclosed opinions and the opinions of Plaintiff's experts. The buck can be used in connection with testimony about whether and how the child seat interacted with the front seat back and how other occupants seated in the second row of the Explorer interacted with the child seat.

Both sides in the case have inspected Ford Explorers and photographed them extensively. The geometry of the seats and seatbacks and seat belts isn't a surprise to anyone. It is not practical to use a full Ford Explorer for demonstrative purposes. In fact, Plaintiff, who possesses the accident vehicle, has declined to bring it to trial. The buck is an excellent substitute to help explain evidence to the jury.

Plaintiff also incorrectly claims that Evenflo waited until the eve of trial to disclose that they intended to use a buck. On its preliminary exhibit list served to Plaintiffs on June 12, 2015, Evenflo disclosed that it intended to use at trial an exemplar vehicle seat and seat belt configuration. *See*, Evenflo's Exhibit List Served June 12, 2015, Exhibit No. 35, attached hereto as Exhibit 1. Although Evenflo put Plaintiff on notice four months ago that it intended to use an exemplar Ford Explorer seat and seat belt configuration at trial, Plaintiff never raised an objection to it until yesterday. When Plaintiff requested an opportunity to view the buck last week, they were promptly given access to inspect it and photograph it.

To be clear, Evenflo is not seeking to have the seat buck admitted into evidence. In other words, it is not seeking to have the buck available to the jury during jury deliberations. Rather, Evenflo seeks to use the buck for demonstrative purposes. Courts have recognized the distinction between demonstrative exhibits and exhibits that a party seeks to introduce into evidence. For example, in *Baugh v. Cuprum*, 730 F.3d 701, 707 (7th Cir. 2013), the first case cited by Plaintiff, the exhibit at issue was a ladder. The Seventh Circuit held: "The Court and counsel understood this ruling to mean that the exemplar ladder was not actually admitted into evidence and would not

be available to the jury during deliberations. That was the basis of the court's pretrial decision to overrule plaintiff's objection to all use of the exemplar ladder. The term "demonstrative" thus was used to refer to an object or document that could be displayed to the jurors to help them understand the substantive evidence (testimony or other objects or documents) by interpreting, summarizing, or explaining it, but that would not be available during jury deliberations." *Id.* The Seventh Circuit went on to explain, "When the term is applied correctly, it allows parties and the court to avoid protracted disputes regarding the admissibility of demonstrative exhibits that might arise if such an exhibit is being offered as substantive evidence." *Id.* The Seventh Circuit reversed the trial court's decision in *Baugh* because the Court allowed the ladder to go to the jury room during deliberations after it had been treated at trial as a demonstrative exhibit. *Id.* at 710. In this case, Evenflo is not seeking to have the seat buck to go to the jury room during deliberations—it is only seeking to use it for illustrative purposes during the trial.

In *Rogers v. Raymark Industries, Inc.*, 922 F.2d 1426 (9th Cir. 1991), the Ninth Circuit affirmed the trial court's decision to allow certain X-rays of an unidentified patient to be used for demonstrative purposes by defendant's expert to illustrate what pleural plaques look like. The Ninth Circuit held, "The x-rays did not introduce new evidence; they were simply a more graphic version of what Dr. Moscow had said already." *Id*. at 1432-33.

As discussed above, the seat buck was constructed by one of Evenflo's engineering experts to represent, in all aspects relevant to the issues in this case, the actual vehicle geometry of a 1998 Ford Explorer seating configuration. Actual Ford Explorer seats and seat belts were used. Dr. Van Arsdell will lay a foundation at trial, that the seat buck is a valid representation of a 1998 Ford Explorer. The distance between the seats is based on measurements from an actual Explorer. The front seat can be moved fore and aft, and its seat back can be reclined, just as an actual Explorer. The seats operate as intended.    In an unpublished opinion, the Ninth Circuit affirmed the trial

court's decision to allow a demonstrative model of part of an M-16 rifle.  Taylor objected to the use of the model because it was several times larger than an actual M-16.  The Ninth Circuit held "[t]he probative value of a model designed to elucidate technical aspects of the government's case is clear, while on the record before us, its prejudicial effect seems elusive and not 'needless[ly] …cumulative.'  See Fed.R.Evid. 403.  The admission of the model was not an abuse of discretion." *United States of America v. Taylor,* 127 F.3d 1108 (9th Cir. 1997).

Plaintiffs also argue that the seat back angle is portrayed in its most upright position and not reflective of the real world were "recline" position would likely be used.  The front seat in the seat buck can recline, because it is an actual 1998 Ford Explorer seat.  The second row seat has two positions, (upright and down), because it is an actual 1998 Ford Explorer seat.

In conclusion, Evenflo should be permitted to use the seat buck for demonstrative purposes at trial.  It is representative of an actual 1998 Ford Explorer seating configuration and there is no unfair prejudice from its use as demonstrative evidence.

DATED this 5th Day of October, 2015.

/s/ *Rosemary Missisian*
Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
Telephone:     (702) 938-3838
Facsimile:     (702) 938-3864
rmissisian@wwhgd.com

Charles Lloyd Clay, Jr., Esq.
Chuck Clay & Associates
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA  30303
Telephone:     (404) 949-8118
chuck@chuckclay.com

Dan H. Ball, Esq.
Richard P. Cassetta, Esq.
Bryan Cave

1
2
3
4

                              211 North Broadway, Suite 3600
                              St. Louis, MO  63102
                              Telephone:     314 259-2823
                              Richard.cassetta@bryancave.com
                              dhball@bryancave.com

*Attorneys for Defendant*
*EVENFLO COMPANY, INC.*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2015, a true and correct copy of the foregoing **DEFENDANT EVENFLO COMPANY, INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO EXHIBIT 505 [DOC. 176]** was served by operation of the Court's electronic filing system on the following counsel of record:

| | |
|---|---|
| Joseph L. Benson II, Esq.<br>BENSON & BINGHAM<br>11441 Allerton Park Drive, Suite 100<br>Las Vegas, NV  89135<br>joe@bensonbingham.com<br>*Attorneys for Plaintiffs* | Larry W. Lawrence, Jr., Esq.<br>Lawrence Law Firm<br>3112 Windsor Road, Suite A-234<br>Austin, TX  78703<br>lawrencefirm@aol.com<br>*Attorneys for Plaintiffs* |
| Ricardo A. Garcia, Esq.<br>Jody R. Mask, Esq.<br>Garcia Ochoa & Mask, LLP<br>820 S. Main St.<br>McAllen, TX  78501<br>ric@gomlaw.com<br>jody@gomlaw.com<br>*Attorneys for Plaintiffs* | |

/s/ *Rosemary Missisian*
Rosemary Missisian
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC