Rosemary Missisian, Esq.
Nevada Bar No. 8877
WEINBERG, WHEELER, HUDGINS,
   GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
Telephone:     (702) 938-3838
Facsimile:     (702) 938-3864
rmissisian@wwhgd.com

Charles Lloyd Clay, Jr., Esq.
*Admitted Pro Hac Vice*
Chuck Clay & Associates
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA  30303
Telephone:     (404) 949-8118
chuck@chuckclay.com

Dan H. Ball, Esq.
*Admitted Pro Hac Vice*
Richard P. Cassetta, Esq.
*Admitted Pro Hac Vice*
Bryan Cave
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:     314 259-2823
Richard.cassetta@bryancave.com
dhball@bryancave.com
*Attorneys for Defendant*
EVENFLO COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MATTHEW R. LINDNER, et al., | Case No. :     2-10-CV-0051-RFB-VCF |
| Plaintiffs, | |
| vs. | **EVENFLO COMPANY, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF PLAINTIFF'S CASE** |
| FORD MOTOR COMPANY,  et al., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 50(a), Defendant Evenflo Company, Inc. ("Evenflo"), moves the Court to enter judgment as a matter of law in its favor and against Plaintiff.

Plaintiff has presented all of the evidence in his case-in-chief, and based upon that evidence, a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff. In support of its motion, Evenflo states as follows:

1) Plaintiff only submitted proposed jury instructions and a trial brief on his design defect claim and punitive damages claim. Accordingly, the other claims Plaintiff purported to plead in his complaint have been abandoned.

2) Count III of Plaintiff's complaint is strict liability. The only strict liability theory on which Plaintiff has submitted a proposed jury instruction is design defect. Evenflo is entitled to judgment as a matter of law on Plaintiff's design defect claim because he failed to present sufficient and substantial evidence that could support a finding in his favor by reasonable jurors. *See*, *Rickards v. Canine Eye Registration Found., Inc.*, 704 F.2d 1449, 1455-56 (9th Cir. 1983); *see also Matthews*, 854 F.2d at 1168. Plaintiff failed to provide sufficient and substantial evidence of a defect in the design of the Evenflo Embrace child seat rendering it unreasonably dangerous when used in a reasonably foreseeable manner. *See* NEV. J.I. 7PL.3; *see also Azad v. Goodyear Tire & Rubber Co.*, No. 2:11-CV-00290-KJD, 2013 WL 593913, at *3 (D. Nev. Feb. 14, 2013) citing *Rivera v. Phillip Morris,* 209 P.3d 271, 275 (Nev. 2009). Plaintiff failed to provide sufficient and substantial evidence that could support a finding in his favor that the product was more dangerous than would be contemplated by the ordinary consumer. Plaintiff failed to provide sufficient and substantial evidence that the product was used in a reasonably anticipated manner and that it failed to perform as reasonably expected in light of its nature and intended function. Plaintiff also failed to provide sufficient and substantial evidence to support a finding in his favor that the alleged defect in the design of the Embrace proximately caused the death of Camila Lindner. Accordingly, a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on this claim, and Evenflo is entitled to judgment as a matter of law.

3) Although the Court need not even reach the issue of punitive damages because of Plaintiff's failure to present sufficient and substantial evidence that could support a finding in his favor by reasonable jurors on liability, the Court must enter judgment in favor of Evenflo on

1 Plaintiff's punitive damages claim regardless, because Plaintiff has failed to present any evidence, 2 much less clear and convincing evidence, of "oppression, fraud or malice, express or implied" by 3 Evenflo. *See* Nev. Rev. Stat. Ann. § 42.005 (West). Because a reasonable jury would not have a 4 legally sufficient evidentiary basis to find for Plaintiff on Count VI of his Complaint (Malice, 5 Fraud, or Oppression), or his prayer for punitive damages, the Court must grant judgment in favor 6 of Evenflo on these claims. Submitting a punitive damages claim against Evenflo would also 7 violate the due process provisions of the U.S. and Nevada constitutions.

8      4) Plaintiff has abandoned the other theories of liability pleaded in his complaint because 9 design defect is the only liability claim on which he submitted proposed jury instructions and the 10 only theory of liability mentioned in his trial brief. Plaintiff has also failed to properly plead or 11 properly disclose in discovery evidence to support the other claims in his complaint. Even 12 assuming these other claims were properly pleaded or properly disclosed in discovery, which 13 Evenflo denies, these claims must fail for the independent reason that Plaintiff has failed to present 14 sufficient and substantial evidence at trial that would support a finding in his favor by reasonable 15 jurors.

16      5) Plaintiff has abandoned any failure to warn claim. Regardless, to the extent Plaintiff 17 purports to bring a strict liability claim based upon an alleged failure to warn as part of Count III of 18 his complaint (strict liability), that claim fails because he has failed to present sufficient and 19 substantial evidence capable of convincing reasonable jurors that the Evenflo car seat was 20 unreasonably dangerous because it lacked adequate warnings regarding the safe and proper use of 21 the product and that the absence of these warnings rendered the product unreasonably dangerous 22 and proximately caused the death of Camila Lindner. *See* Nev. Civ. J. Instr. 7PL.6. Accordingly, 23 a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiff on any 24 purported failure to warn claim, and Evenflo is entitled to judgment as a matter of law.

25      6) Plaintiff has affirmatively represented to the Court that he has abandoned his 26 manufacturing defect claim, in addition to failing to submit a proposed jury instruction on this 27 claim or submitting a trial brief on it. Regardless, to the extent Plaintiff purported to bring a

1  manufacturing defect claim as part of Count III (strict liability), that claim fails because Plaintiff
2  has failed to present sufficient and substantial evidence capable of convincing reasonable jurors
3  that the Evenflo car seat differed from Evenflo's intended result and that defect proximately caused
4  the death of Camila Lindner. *See* Nev. Civ. J. Instr. 7PL.5. Accordingly, a reasonable jury would
5  not have a legally sufficient evidentiary basis to find for Plaintiff on any purported manufacturing
6  defect claim, or any other claim that Plaintiff purports to bring as part of Count III of his
7  Complaint, and Evenflo is, therefore, entitled to judgment as a matter of law.

8  　　　7) Plaintiff has abandoned his negligence claims. Regardless, Plaintiff's negligence claims
9  (Count I) and (Count IV-- purported negligent failure to inspect and warn) fail because he has
10 failed to present sufficient and substantial evidence capable of convincing reasonable jurors that
11 Evenflo failed to use reasonable care and that failure proximately caused the death of Camila
12 Lindner. *See* Nev. Civ. J. Instr. 4NG.12. Plaintiff has failed to present sufficient and substantial
13 evidence that Evenflo knew or should have known of any alleged defect claimed by Plaintiff or
14 that any such alleged defect was reasonably foreseeable. Accordingly, a reasonable jury would not
15 have a legally sufficient evidentiary basis to find for Plaintiff on Plaintiff's purported negligence
16 claims and Evenflo is entitled to judgment as a matter of law.

17 　　　8) Plaintiff has abandoned his breach of implied warranty claim. Regardless, Plaintiff's
18 breach of implied warranty claim (Count II) fails because he has failed to present sufficient and
19 substantial evidence capable of convincing reasonable jurors that the Evenflo car seat at issue in
20 this case was not merchantable and that this proximately caused the death of Camila Lindner. *See*
21 Nev. Civ. J. Instr. 7PL.12. Plaintiff has also presented no evidence of notice to Evenflo of any
22 alleged breach of warranty. Accordingly, a reasonable jury would not have a legally sufficient
23 evidentiary basis to find for Plaintiff on any purported breach of warranty claim, and Evenflo is
24 entitled to judgment as a matter of law.

25 　　　9) Plaintiff has abandoned his purported misrepresentation claim. Regardless, Plaintiff's
26 purported misrepresentation claim (Count V) fails because Plaintiff has failed to present sufficient
27 and substantial evidence capable of convincing reasonable jurors that Evenflo knowingly or

1  negligently made any misrepresentation which was relied upon by Plaintiff and proximately caused
2  the death of Camila Lindner.  Accordingly, a reasonable jury would not have a legally sufficient
3  evidentiary basis to find for Plaintiff on this purported claim and Evenflo is entitled to judgment as
4  a matter of law on any such claim.

5  10) Plaintiff is not entitled to relief under the Nevada Wrongful Death Statute, N.R.S.
6  41.085 (Count VII), because he has failed to present sufficient and substantial evidence capable of
7  convincing reasonable jurors that he is entitled to relief under any theory of liability properly
8  pleaded by Plaintiff and Evenflo is, therefore, entitled to judgment as a matter of law on this claim.

9  11) Plaintiff has abandoned his purported negligent infliction of emotional distress claim.
10 Regardless, Plaintiff's negligent infliction of emotional distress claim (Count VIII) fails because
11 Plaintiff has failed to present sufficient and substantial evidence capable of convincing reasonable
12 jurors that Evenflo engaged in extreme and outrageous behavior with negligent disregard for
13 causing emotional distress, and this negligent disregard proximately caused extreme emotional
14 distress to Plaintiff.  Accordingly, a reasonable jury would not have a legally sufficient evidentiary
15 basis to find for Plaintiff and Evenflo is entitled to judgment as a matter of law on any such claim.

16 12) Plaintiff's loss of consortium claim (Count IX) fails because it is a derivative claim and
17 Plaintiff has failed to present sufficient and substantial evidence capable of convincing reasonable
18 jurors that Evenflo is liable to Plaintiff under any theory of liability properly pleaded by Plaintiff.
19 Accordingly, a reasonable jury would not have a legally sufficient evidentiary basis to find for
20 Plaintiff and Evenflo is entitled to judgment as a matter of law on any such claim.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /

1   **WHEREFORE,** for all of the reasons stated above, a reasonable jury would not have a
2 legally sufficient evidentiary basis to find for Plaintiff on any claim.  Accordingly, Evenflo
3 respectfully requests that the Court enter judgment as a matter of law in its favor and against
4 Plaintiff, award Evenflo its costs, and grant such further relief as the Court deems appropriate
5 under the circumstances.

Respectfully submitted,

/s/Rosemary Missisian

Rosemary Missisian, Esq.
Nevada Bar No. 8877
WEINBERG, WHEELER, HUDGINS,
GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
Telephone:     (702) 938-3838
Facsimile:     (702) 938-3864
rmissisian@wwhgd.com

Dan H. Ball, Esq.
*Admitted Pro Hac Vice*
Richard P. Cassetta, Esq.
*Admitted Pro Hac Vice*
Bryan Cave
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:     314 259-2823
Richard.cassetta@bryancave.com
dhball@bryancave.com

Charles Lloyd Clay, Jr., Esq.
*Admitted Pro Hac Vice*
Chuck Clay & Associates
225 Peachtree Street, N.E.,  Suite 1700
Atlanta, GA  30303
Telephone:     (404) 949-8118
chuck@chuckclay.com

*Attorneys for Defendant*
*EVENFLO COMPANY, INC.*

**CERTIFICATE OF SERVICE**

I hereby certified that a true and correct copy of the foregoing instrument was served electronically on counsel of record by operation of the Court's Electronic Filing System and by hand delivery in open Court on October 9, 2015.

*/s/ Rosemary Missisian*