Dan H. Ball, Esq.
*Admitted Pro Hac Vice*
Richard P. Cassetta, Esq.
*Admitted Pro Hac Vice*
Bryan Cave
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:    314 259-2823
Richard.cassetta@bryancave.com
dhball@bryancave.com
*Attorneys for Defendant*
EVENFLO COMPANY, INC.

Rosemary Missisian, Esq.
Nevada Bar No. 8575
WEINBERG, WHEELER, HUDGINS,
   GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
Telephone:    (702) 938-3838
Facsimile:    (702) 938-3864
rmissisian@wwhgd.com

Charles Lloyd Clay, Jr., Esq.
*Admitted Pro Hac Vice*
Chuck Clay & Associates
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA  30303
Telephone:    (404) 949-8118
chuck@chuckclay.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW R. LINDNER, et al.,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>FORD MOTOR COMPANY, et al.,<br><br>                    Defendants. | Case No. :    2-10-CV-0051-LDG-LRL<br><br>**DEFENDANT EVENFLO COMPANY, INC.'S  SUPPLEMENTAL TRIAL BRIEF REGARDING CLOSING ARGUMENTS** |

1 Federal courts around the country, as well as federal practice guides, recognize several principles related to closing argument: 1) courts typically impose time limits for closing argument; 2) both sides are ordinarily given the same amount of time for closing argument, and the plaintiff is required to reserve time for any rebuttal argument out of his allotted time; 3) the amount of time a plaintiff can reserve for rebuttal is typically less than the time he can use for his initial closing argument; and 4) the scope of rebuttal argument is limited to addressing arguments made by the defendant in its closing argument. As one federal practice guide put it: "judges routinely place time limits on closing arguments." Robert L. Haig, <u>Business and Commercial Litigation in Federal Courts</u>, Section of Litigation, American Bar Association (Third ed.) § 42.2. That practice guide also noted that "there is a greater trend for courts to give tighter limits" on closing argument. *Id*.

Federal case law supports these principles as well. For example, in *Bonilla v. Yamaha Motors Corp.*, the U.S. Court of Appeals for the First Circuit recognized that courts typically impose time limits for closing argument, that both sides are given the same amount of time for closing argument, and that a plaintiff must reserve any time for rebuttal argument out of his allotted time.

*Bonilla* was a product liability case involving an alleged design defect in the braking mechanism of a motorcycle. *Bonilla*, 955 F.2d 150 (1st Cir. 1992). Plaintiff did not reserve any of his allotted forty five minutes for rebuttal argument, and instead used all of his time in the first part of his argument. *Id.* at 155. After Yamaha made its closing argument, Plaintiff asked for additional time to make a rebuttal argument. *Id*. The trial court refused to allow Plaintiff any additional time for rebuttal. *Id.* After the trial court entered judgment in favor of Yamaha on a jury verdict, Plaintiff appealed, arguing, among other grounds, that the trial court abused its discretion in refusing to allow him additional time to make a rebuttal argument. In affirming the judgment, the First Circuit noted: "[a]s is most often the case, the trial court granted each party equal time in closing argument." *Id*. The First Circuit went on to hold that the trial court did not abuse its discretion in refusing to allow Plaintiff additional time in rebuttal. *Id.*

1  Similarly, in a Seventh Circuit case, *Garland v. Material Service Corp.*, the trial court
2 imposed a one hour time limit for each side to make closing argument. 291 F.2d 861, 862 (7th Cir.
3 1961). The trail court made clear to the plaintiff that he needed to reserve time for any rebuttal
4 argument out of his allotted one hour. *Id.* After the plaintiff had argued for fifty minutes, the court
5 warned plaintiff that he had used fifty minutes of his allotted time and should "gauge himself
6 accordingly." *Id.* After using all of his allotted hour for his initial closing argument, the plaintiff
7 sought additional time to make a rebuttal argument. Id. The court denied plaintiff's request for
8 additional time to make a rebuttal argument. *Id.* The Seventh Circuit affirmed the judgment in the
9 case, holding that the trial court did not abuse its discretion by denying the plaintiff's request for
10 additional time to make a rebuttal argument. *Id*.

11  Other federal courts of appeal have likewise affirmed rulings of trial courts imposing time
12 limits on closing arguments. *See*, *e.g.*, *Murphy v. National Railroad Passenger Corp.*, 547 F.2d
13 816 (Fourth Cir. 1997) (affirming decision of trial court to limit closing argument to forty-five
14 minutes per side); *Rosiello v. Sellman*, 354 F.2d 219 (Fifth Cir. 1965) (affirming decision of trial
15 court to limit closing argument to thirty minutes per side).

16  Because defendants don't get an opportunity to respond to rebuttal argument, courts
17 typically require rebuttal argument to be shorter than plaintiff's initial argument. As one practice
18 guide noted: "[a] plaintiff is often required to use at least half of its allotted time during the
19 opening portion of its closing argument to reduce any temptation for sandbagging (i.e., leaving
20 some of plaintiff's arguments until rebuttal, after which defendant would have no opportunity to
21 respond)." Robert E. Larsen, Navigating the Federal Trial § 1217 (2105 ed.)

22  In addition to the principles of placing time limits on closing argument and evenly allotting
23 time to each side, another principle that is well recognized is that the scope of a rebuttal argument
24 should be limited to answering defendant's closing argument and not raising new issues. As the
25 U.S. Court of Appeals for the Tenth Circuit noted in *Julander v. Ford Motor Company*, "we
26 recognize the general rule that it is improper for counsel for a plaintiff to inject new matter in his
27 final closing argument which should be limited to a rebuttal to defense counsel's closing argument

and nothing more." 488 F.2d 839 (10th Cir. 1973). A rebuttal argument that is "beyond the scope of the defense's argument or amounts to nothing more than a 'sandbag' (in which plaintiff has withheld its real argument until the defense is unable to respond)" and is objectionable. McRae and Floyd, § 42.42.

To allow Plaintiff to make a rebuttal argument in this case without any limitations on time and scope would be inconsistent with procedures that are ordinarily followed by federal courts and would be unfairly prejudicial to Evenflo. Without limits on time and scope, Plaintiff would be able to raise facts and issues that Evenflo did not have a chance to address in closing argument, which would be unfairly prejudicial to Evenflo.

Accordingly, Evenflo respectfully requests that the Court allot each side 45 minutes for closing argument, that the Court order that to the extent Plaintiff wishes to make a rebuttal argument, it must reserve no more than half of its allotted time to do so. Additionally, Evenflo respectfully requests that the Court order that the scope of any rebuttal argument by Plaintiff be limited to addressing arguments made by Evenflo in its closing argument.

DATED this 15th day of October, 2015.

/s/ *Rosemary Missisian*
Rosemary Missisian, Esq.
WEINBERG, WHEELER, HUDGINS,
   GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
Telephone:   (702) 938-3838
Facsimile:    (702) 938-3864
rmissisian@wwhgd.com

Dan H. Ball, Esq.
Richard P. Cassetta, Esq.
Bryan Cave
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:   314 259-2823
Richard.cassetta@bryancave.com
dhball@bryancave.com

Charles Lloyd Clay, Jr., Esq.
Chuck Clay & Associates

225 Peachtree Street, N.E., Suite 1700
Atlanta, GA  30303
Telephone:     (404) 949-8118
chuck@chuckclay.com

*Attorneys for Defendant*
EVENFLO COMPANY, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15 th day of October, 2015, a true and correct copy of the foregoing **DEFENDANT EVENFLO COMPANY, INC.'S, SUPPLEMENTAL TRIAL BRIEF REGARDING CLOSING ARGUMENTS** was served by operation of the Court's electronic filing system on the following counsel of record:

| | |
|---|---|
| Joseph L. Benson II, Esq.<br>BENSON & BINGHAM<br>11441 Allerton Park Drive, Suite 100<br>Las Vegas, NV  89135<br>joe@bensonbingham.com<br>*Attorneys for Plaintiffs* | Larry W. Lawrence, Jr., Esq.<br>Lawrence Law Firm<br>3112 Windsor Road, Suite A-234<br>Austin, TX  78703<br>lawrencefirm@aol.com<br>*Attorneys for Plaintiffs* |
| Ricardo A. Garcia, Esq.<br>Jody R. Mask, Esq.<br>Garcia Ochoa & Mask, LLP<br>820 S. Main St.<br>McAllen, TX  78501<br>ric@gomlaw.com<br>jody@gomlaw.com<br>*Attorneys for Plaintiffs* | |

*/s/ Rosemary Missisian*
Rosemary Missisian
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC