Rosemary Missisian, Esq.
Nevada Bar No. 8575
WEINBERG, WHEELER, HUDGINS,
GUNN AND DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118
Telephone:     (702) 938-3838
Facsimile:     (702) 938-3864
rmissisian@wwhgd.com

Charles Lloyd Clay, Jr., Esq.
*Admitted Pro Hac Vice*
Chuck Clay & Associates
225 Peachtree Street, N.E., Suite 1700
Atlanta, GA  30303
Telephone:     (404) 949-8118
chuck@chuckclay.com

Dan H. Ball, Esq.
*Admitted Pro Hac Vice*
Richard P. Cassetta, Esq.
*Admitted Pro Hac Vice*
Bryan Cave
211 North Broadway, Suite 3600
St. Louis, MO  63102
Telephone:     314 259-2823
Richard.cassetta@bryancave.com
dhball@bryancave.com
*Attorneys for Defendant*
*EVENFLO COMPANY, INC.*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW R. LINDNER, et al., | Case No. :      2-10-CV-0051-LDG-LRL |
| Plaintiffs, | |
| vs. | **DEFENDANT EVENFLO COMPANY, INC.'S PROPOSED JURY INSTRUCTIONS** |
| FORD MOTOR COMPANY,  et al., | |
| Defendants. | |

**Jury Instruction No. ___**

### CORPORATIONS—FAIR TREATMENT

One of the parties in this case, Evenflo, is a corporation.  All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Citation:  9th Cir. Civ. Jury Instr. 4.1 (2007)**

**Jury Instruction No. ___**

### DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Citation:  9th Cir. Civ. Jury Instr. 1.1C (2007)**

**Jury Instruction No. ___**

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Citation:  9th Cir. Civ. Jury Instr. 3.1 (2007)**

**Jury Instruction No. ___**

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshall, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Citation:  9th Cir. Civ. Jury Instr. 3.2 (2007)**

**Jury Instruction No. ___**

## CONSIDERATION OF COMMON SENSE AND JUDGMENT

Although you are to consider only the evidence in the case in reaching a verdict, you must bring to the consideration of the evidence your everyday common sense and judgment as reasonable men and women. Thus, you are not limited solely to what you see and hear as the witnesses testify.  You may draw reasonable inferences from the evidence which you feel are justified in the light of common experience, keeping in mind that such inferences should not be based on speculation or guess.  A verdict may never be influenced by sympathy, prejudice or public opinion. Your decision should be the product of sincere judgment and sound discretion in accordance with these rules of law.

**Citation:  NEV. CIV. J.I. 1.05 (1986)**

**Jury Instruction No. ___**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When the Plaintiff has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Citation:  9th Cir. Civ. Jury Instr. 1.3 (2007)**

**Jury Instruction No. ____**

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**Citation:  9th Cir. Civ. Jury Instr. 1.6 (2007)**

**Jury Instruction No. ___**

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Citation:  9th Cir. Civ. Jury Instr. 1.7 (2007)**

**Jury Instruction No. ___**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Citation: 9th Cir. Civ. Jury Instr. 1.9 (2007)**

**Jury Instruction No. ___**

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Citation:  9th Cir. Civ. Jury Instr. 1.11 (2007)**

**Jury Instruction No. ___**

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Citation:  9th Cir. Civ. Jury Instr. 2.11 (2007)**

**Jury Instruction No. ___**

### ELEMENTS OF DESIGN DEFECT CLAIM

The Plaintiff seeks to establish a claim that the Embrace child seat was defective in design.  I will now instruct on the law relating to this claim.

In order to establish a claim that the Embrace child seat was defective in design, the Plaintiff must prove the following elements by a preponderance of the evidence:

1.   That Evenflo designed the Embrace child seat;

2.   That the Embrace child was defective in design because the red release lever had a tendency to inadvertently release when it came in contact with other objects;

3.   That the defect existed when the product left Evenflo's possession;

4.   That the Evenflo child seat was used in a manner which was reasonably foreseeable by Evenflo; and

5.   That the defect was the proximate cause of Camila Lindner's death.

**Citation:  NEV. CIV. J.I. 7PL.3 (2011)**

**Jury Instruction No. ___**

## DESIGN DEFECT: DEFINITION

A product is defective in its design if, as a result of its design, the product is unreasonably dangerous.

**Citation:  NEV. CIV. J.I. 7PL.4 (2011)**

**Jury Instruction No. \_\_\_**

### MERE FACT OF DETACHMENT DOES NOT PROVE DEFECT

The mere fact that the carrier of the Embrace child seat detached from its base in this accident does not of itself prove that the product was unreasonably dangerous.  Liability is never presumed but must be established by the preponderance of the evidence.

**Citation:  *Deal v. Michelin North America, Inc.*, 2012 WL 1929336 at \*1 (Nev. May 23, 2012); *Gunlock v. New Frontier Hotel*, 370 P.2d 682 (Nev. 1962).**

**Jury Instruction No. ____**

### NO EVIDENCE TWO-PIECE DESIGN INHERENTLY DEFECTIVE

You have heard evidence in this case that the Embrace car seat is a two-piece car seat. There is no claim in this case that the Embrace is defective just because it has a two-piece design. There is no evidence in this case that the Embrace is defective just because it has a two-piece design.  In reaching your verdict, you should not consider the design of the Embrace to be defective just because it has a two-piece design.

**Jury Instruction No. ___**

## NO EVIDENCE OF INADEQUATE WARNINGS

There is no claim in this case related to the contents of the warnings for the Embrace. There is no evidence that the warnings for the Embrace were not adequate.  In reaching your verdict you should not consider any reference during trial to any language being absent from any of the warnings for the Embrace.

**Jury Instruction No. \_\_\_**

## NO EVIDENCE OF MANUFACTURING DEFECT

There is no claim in this case about how the Embrace was manufactured. There is no evidence in this case that there was any problem with the manufacturing process for the Embrace. In reaching your verdict you should not consider any reference to the manufacturing process.

**Jury Instruction No. ___**

## PROXIMATE CAUSATION:  DEFINITION

When I use the expression "proximate cause," I mean a cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred.

**Citation:  NEV. CIV. J.I. 4NG.13    (2011)**

Jury Instruction No. ____

## INTERVENING CAUSE: DEFINITION

An "intervening cause" is a new cause which is not the consequence of the first wrongful cause, and which is not under the control of the first wrongdoer, and which the first wrongdoer could not with reasonable diligence have foreseen, and except for which the final catastrophe could not have happened.

**Citation:** *Van Cleave v. Kietz-Mill Minit Mart,* **97 Nev. 414, 633 P.2d 1220, 1221 (1981);** *Bower v. Harrah's Laughlin, Inc.* **125 Nev. 470, 491, 215 P.3d 709, 724 (2009).**

**Jury Instruction No. ____**

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Citation:  Ninth Circuit Model Jury Instr. 5.1 (2007)**

## <u>VERDICT FORM</u>

1.      Do you find by a preponderance of the evidence that the Evenflo Embrace car seat was defectively designed because the red release lever had a tendency to inadvertently release when it came in contact with other objects?

       **<u>ANSWER:</u>**   Yes _____      No _____

       If you have answered "no" to question 1 above, you do not need to complete the remaining portion of this Verdict Form.  The foreperson should sign the form below.

2.      Do you believe that the defect in the Evenflo Embrace car seat proximately caused the death of Camila Lindner?

       **<u>ANSWER:</u>**   Yes _____      No _____

       If you have answered "no" to question 2 above, you do not need to complete the remaining portion of this Verdict Form.  The foreperson should sign the form below.

3.      Do you believe the death of Camila Lindner was the result of an intervening cause for which Evenflo was not responsible?

       **<u>ANSWER:</u>**   Yes _____      No _____

       If you have answered "yes" to question 3 above, you do not need to complete the remaining portion of this Verdict Form.  The foreperson should sign the form below.

4.    What amount of damages do you believe Plaintiff has proved by the preponderance of the evidence he is entitled to recover to compensate him for the injuries caused by the Defendant?

     **<u>ANSWER:</u>**    $_____

DATED this _____ day of October, 2015

_____
     **FOREPERSON**

**Citation:  NEV. CIV.  J.I.  Form 5 (2011) (modified)**